SCOTTISH UNION AND NATIONAL INSURANCE COMPANY, APPELLANT, vs. DAVID PETTY, APPELLEE.

Where a policy of insurance taken upon a building provides that "if the assured be not the owner of the land on which said building stands by title in fee simple, and this fact is not expressed in the written portion of the policy," it shall be "void," and upon a trial it appears that the fact of his not being such owner does not appear in the policy, and it is shown that the assured was, at most, the owner in fee of only an undivided interest in the land, and there is no evidence that the assurer has waived, or is estopped from insisting upon such provision as a defence, the verdict should be for the assurer. Under such circumstances a verdict for the assured should be set aside and a new trial granted.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*M. C. Jordan* for Appellant.

*W. B. Owen* for Appellee.

MR. JUSTICE RANEY delivered the opinion of the court:

The appellee sued the appellant to recover for the damage done by fire to a building upon which he had taken a policy of insurance in the appellant company. A copy of

the policy is annexed to the declaration as "a part" thereof and the original was read in evidence. One of the provisions of the policy is that it shall be "void " if the property insured " be a building, or buildings, and the assured be not the owner of the land on which said building, or buildings stand, by title in fee simple, and this fact is not expressed in the written portion of the policy." One of the pleas is that the appellee was not the owner in fee simple of the land. There was a verdict and judgment for him, and a motion by the company for a new trial was overruled. The policy as annexed to and made part of the declaration, and as introduced in evidence, shows that the fact of his not owning the land " by title in fee simple " is not " expressed in the written portion of the policy." Upon the trial the appellee put in evidence, the appellant consenting, a copy of a deed from Isaiah D. Hart, of April 18th, 1851, which deed conveyed the land, on a part of which the building involved stands, to "Susan Petty and her children begotten by her husband, David Petty, their heirs and assigns." Appellee testified that he was the David Petty mentioned in the deed, and that he built the house at his own expense with the consent of his children, and has rented it, and collected and used the rentals for his exclusive benefit. He also says that when he went to the agent of the company to insure the property the agent did not ask him specifically as to his title to the land. The agent, George E. Schnabel, says: " Petty, in obtaining the policy of insurance, did not disclose his title truly as required by the provisions of the policy. If I had been informed by him or had otherwise known that he was not the sole, absolute, and unconditional owner of the property, or that he had no fee simple title to the land upon which the building stood, I would not have insured or executed a policy to him or have assumed the risk as the agent of the defendant."

There is no evidence of the death of Susan Petty except that John, Joshua and Susan Petty, each testified that they have an interest in the land as *heirs* of Susan, who they say was their mother, David being their father. They claim no interest in the building, or its rentals. The Circuit Judge, at the request of the appellant, charged the jury, in effect, that the deed from Hart, if made, vested a fee simple title to the land conveyed in Susan Petty.

If there was any written application for the insurance it has not been introduced in evidence. If there was one, and it contained any statement showing that the applicant informed the agent and his company of the real condition of the title to the land, it has not been developed. The testimony precludes the idea that the appellee either verbally or otherwise informed the agent of the real status of the title, and prevents us from assuming that the absence of the statement that the appellee is not the owner in fee simple is due to the negligence, fraud or mistake of the agent in not putting it there, although he had been expressly informed that the appellee was not such owner. The effect of the testimony of the appellee on this point is that the agent did not ask him *specifically* as to his title to the land, and the effect of that of the defendant is that Petty did not disclose his title truly and make known that he was not the owner in fee simple. Whether the agent asked generally as to ownership, is not disclosed. We will not assume that he did. The most favorable conclusion that can be reached for the defendant is that there was no written application and in fact nothing to control the contract of insurance as made by the terms of the policy. " The recital in a policy that it is based upon an application does not make the application essential. A policy so stating, but issued without any written application, is

26

valid as if issued upon the written application, but its references to the application have no force or effect.   Where there is no application the insured is bound by the conditions of the policy which he accepts and holds without objection.   That he never read it is not the fault of the insurers."   May on Insurance, §167 and citations.

We see nothing in the testimony to control the plain provisions of the contract made by the terms of the policy that the policy should be void if the appellee was not the owner of the land by title in fee simple.   It cannot be said that this is an immaterial provision.   The language used settles this point for both judge and jury, as well as the parties.   May on Insurance, §156.   The appellee took the policy with this feature in it, and there is nothing to show any waiver of it by the company.   May on Ins., §2946; 79 N. Y., 230; 49 Wis., 322.   Assuming that the wife and mother is dead, and that the charge of the judge as to the effect of the deed was correct, (of which we say nothing) and certainly no more favorable construction for appellee can be placed upon it, he was not " the owner of the land by title in fee simple."   Phelps & Co. vs. Knox Co. M. Ins. Co., 20 Ohio, 174; 3 Allen, 213,

There is nothing in this record showing that the policy was not read by appellee or that any of its provisions were not understood by him or that he was an ignorant man. We make this statement merely to show how squarely the case stands upon the contract as written, and not as indicating what the effect would be did the record make such a showing.

We think a new trial should be granted, and we so order without disposing of the other questions presented as none of them could change the result.