New York Life Insurance Co. v. Estelle Tedder.

153 So. 145.

Division B.

Decision Filed December 22, 1933.

Opinion on Rehearing Filed February 27, 1934.

*Doggett, McCollum; Howell & Doggett,* for Plaintiff in Error;

*John F. Harrell,* for Defendant in Error.

Per Curiam.—This cause having heretofore been submitted to the Court upon the transcript of the record of the judgment herein, and briefs and argument of counsel for the respective parties, and the record having been seen and inspected, and the Court being now advised of its judg-

ment to be given in the premises, it seems to the Court that there is no error in the said judgment; it is, therefore, considered, ordered and adjudged by the Court that the said judgment of the Circuit Court be, and the same is hereby affirmed.

WHITFIELD and BUFORD, J. J., and IRA A. HUTCHINSON, Circuit Judge, concur.

BROWN, J., absent and not participating because of illness.

## ON REHEARING.

BUFORD, J.—This case is before us on petition for rehearing granted after a *per curiam* order of affirmance had been entered on December 22, 1933.

The suit was on a life insurance policy.

Pleas were filed to the declaration which alleged that premiums had not been paid according to the terms of the policy. Replication to these pleas alleged that the premiums had been paid. Demurrers were filed to the replication. The demurrers were overruled.

Motion for compulsory amendment was denied. Rejoinder was then filed in the following language:

"That the policy mentioned in said replication was made in consideration, as well of the initial payment of Thirty-two and 18/100 ($32.18) Dollars constituting the first premium upon said policy, and therein acknowledged, as also of a similar sum every three months after the 6th day of May, 1930, including the 6th day of August, 1931; and in and by said policy it is among other things provided;

" 'If any premium is not paid on or before the day it falls due the policy holder is in default; but a grace of one month (not less than 30 days) will be allowed for the payment of every premium after the first during which time the insurance continues in force.

" 'All premiums are payable on or before their due date at the home office of the company or to an authorized agent of the company * * *.

" 'The payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due * * *.'

"And the defendant says that the premium upon said policy which came due August 6, 1931, was not paid to the defendant nor to any agent of the defendant on or before said date, nor within one month thereafter; that on September 6, 1931, the holder of said policy, to-wit, the insured therein named, became in default; that the last payment of the said premium made upon said policy prior to August 6, 1931, was made on, to-wit, May 6, 1931, and that said payment on said date did not maintain the said policy in force beyond the date when the next payment became due on, to-wit, August 6, 1931, except only that by virtue of the hereinabove quoted grace provision of said policy, it continued in force, by virtue of said premium payment of May 6, 1931, to September 6, 1931; and that under and by virtue of the aforesaid provisions of said policy, the said policy lapsed on September 6, 1931, on account of the non-payment of the premium due August 6, 1931.

"For a rejoinder to the plaintiff's second replication herein, the defendant says:

"2. That the policy mentioned in said replication was made in consideration, as well of the initial payment of Thirty-two and 18/100 ($32.18) Dollars constituting the first premium upon said policy, and therein acknowledged, as also of a similar sum every three months after the 6th day of May, 1930, including the 6th day of November, 1931; and in and by said policy it is among other things provided:

" 'If any premium is not paid on or before the day it falls

due the policy holder is in default; but a grace of one month (not less than 30 days) will be allowed for the payment of every premium after the first during which time the insurance continues in force. All premiums are payable on or before their due date at the home office of the company or to an authorized agent of the company * * *..

" 'The payment of the premium shall not maintain the policy in force beyond the date when the next payment becomes due * * *.'

"And the defendant says that the premium upon said policy which became due November 6, 1931, was not paid to the defendant nor to any agent of the defendant on or before said date, nor within one month thereafter; that on December 6, 1931, the holder of said policy, to-wit, the insured therein named, became in default; that the last payment of the said premium made upon said policy prior to November 6, 1931, was the payment which became due August 6, 1931, and that said payment did not maintain the said policy in force beyond the date when the next payment became due on, to-wit, November 6, 1931, except only that by virtue of the hereinabove quoted grace provision of said policy, it continued in force, by virtue of said premium payment due August 6, 1931, to December 6, 1931; and that under and by virtue of the aforesaid provisions of said policy, the said policy lapsed on December 6, 1931, on account of the non-payment of the premium due November 6, 1931."

Demurrer was filed to the rejoinder.

Motion to strike was also filed.

Amended and additional rejoinders were filed in which, in addition to what had been pleaded in the original rejoinders, it was further pleaded that the policy contained the following clause:

"This policy may be reinstated at any time within five years after any default, upon written application by the insured and presentation at the home office of evidence of insurability satisfactory to the company and upon payment of over-due premiums with 6% interest thereon from their due date."

It then alleged:

"After the said policy had lapsed for the insured's failure to pay the premium thereon which came due August 6, 1931, the said insured, under date of October 29, 1931, made written application to the defendant, pursuant to the last hereinabove quoted provision of said policy, for the reinstatement of said policy, a true and correct photostatic copy of which said application is hereto attached, marked Exhibit 'A' and hereby made a part of this rejoinder; and therein and thereby, after reciting that said policy had lapsed for non-payment of premium due on the 6th day of August, 1931, and that said application was being made for the purpose of inducing the defendant to reinstate said policy, the insured made the representations contained in his answer to the following question: 'Within the past two years have you had any illnesses, diseases, or bodily injuries, or have you consulted or been treated by any physician or physicians? (If so, give full details, including nature, date and duration of each illness, disease or injury, the name of each physician, and the dates of and reasons for consultation or treatment); and to said question the said insured answered, 'No.' In and by said application the said insured did agree that the said policy should not be reinstated unless the evidence of his insurability was satisfactory to the defendant; and therein and thereby he did further agree that his answer to the aforesaid question was full, complete and

true, and that the defendant, believing it to be true, should act and rely thereon.

"(c) The defendant did believe and rely on the representations made in said application, believed that the aforesaid answer to the aforesaid question was full, complete and true, believing it to be true relied and acted thereon, considered satisfactory the evidence of insurability in said application contained, and reinstated the said policy.

"(d) That the said answer to the said question was not full, complete and true, but was and is essentially and materially false, incomplete and untrue in this, to-wit: That after February 17, 1930, and before October 29, 1931, the insured had had divers illnesses or diseases of the stomach, gall bladder, digestive tract, of the heart and its surrounding tissues, and attacks of severe pain in and about the region of his upper abdomen.

"(e) That the said misrepresentation was material to the risk involved in reinstating said policy and that it was known to the said insured to be incomplete and untrue at the time it was so made in his said application for reinstatement of the said policy; and that had the defendant at the time of its reinstatement of said policy known the true facts relating to the said illnesses or diseases of the insured as hereinabove particularly alleged, the defendant would not have reinstated said policy.

"(f) On, to-wit, the 13th day of May, 1932, the defendant notified the plaintiff that it had rescinded said reinstatement of said policy on account of the aforesaid misrepresentations of the insured, and then and there the defendant tendered to the plaintiff the full amount of all premiums paid upon said policy after its reinstatement, together with interest thereon at the rate of 8% per annum, from the dates of such payments to the date of the making

of such tender, but the plaintiff then and there refused to receive or accept said money. The defendant has at all times since May 13, 1932, been able, ready and willing to pay said money with said interest to the plaintiff, and here and now renews said tender, and offers to keep it good, and tenders said money and said interest into this Court.

"4. For a fourth rejoinder herein, to the plaintiff's first replication, the defendant alleges all and singular the matters and things it has alleged in paragraphs (A), (b), (c) and (f) of its foregoing rejoinder numbered 3, making said allegations a part of this rejoinder as fully and completely as though they were herein set forth at length; and further says:

"(d) That the said answer to the said question was not full, complete and true, but was and is essentially and materially false, incomplete and untrue, in this, to-wit: That at divers times after February 17, 1930, and before October 29, 1931, the said insured had consulted divers physicians, to-wit, Dr. J. W. West and Dr. J. M. Price.

"(e) That the said misrepresentation was material to the risk involved in reinstating said policy and that it was known to the said insured to be incomplete and untrue at the time it was so made in his said application for reinstatement of the said policy; and that had the defendant, at the time of its reinstatement of said policy, known the true facts relating to such consultation of physicians by the insured as hereinabove particularly alleged, the defendant would not have reinstated said policy.

"5. For a fifth rejoinder to the plaintiff's first replication, the defendant alleges all and singular the matters and things it has alleged in paragraphs (a), (b), (c), and (f) of its foregoing rejoinder numbered 3, as fully and com-

pletely as though they were herein set forth at length; and further says:

"(d) That the said answer to the said questions was not full, complete and true, but was and is essentially and materially false, incomplete and untrue, in this, to-wit: That at divers times after February 17, 1930, and before October 29, 1931, the insured had been treated by divers physicians, to-wit, Dr. J. W. West and Dr. J. M. Price.

"(e) That said misrepresentation was material to the risk involved on reinstating said policy and that it was known to the said insured to be incomplete and untrue at the time it was so made in his said application for reinstatement of the said policy, and that, had the defendant at the time of its reinstatement of said policy known the true facts relating to such treatments by physicians of the insured as hereinabove particularly alleged, the defendant would not have reinstated said policy."

Other rejoinders presented like issues. Issue was joined on the rejoinders.

The plaintiff maintained the allegations of its rejoinders by proving the lapses of the policy for non-payment of premiums, the execution of the application for reinstatement of the policy sued on as alleged in such rejoinders and by proof that the answers appearing in and on such application so signed by the insured were false and untrue at the time when the same appeared to have been made.

The rule is too well settled to admit of controversy that one who affixes his signature to a written instrument will be *prima facie* presumed, in the absence of proof of fraud, to have intended thereby to authenticate and become bound by the contents of the instrument so signed. Greenleaf on Evidence, 14 Ed., Sec. 674; Davis v. Landers, 40 S. C. 514;

Vines v. Clingfost, 21 Ark. 312; Watson v. Pitts, 32 Miss. 466; 25 Am. & Eng. Enc. of Law, 2 Ed., 1064.

There was no proof whatever that the application introduced and proven had been altered or changed after the execution by the insured. The proof was conclusive that the policy had lapsed on two occasions and had been reinstated upon application each time. It was conclusively proven that the answers as appearing on the applications so signed by the insured were materially false and without proof to the contrary, the courts must assume that these answers were made by the person signing this application as they were represented therein to have been made and that he was bound by them.

The acceptance of the application by the insurance company did not create a new contract, but waived a default which had occurred in the original contract and the waiver could not be held binding on the insurance company if obtained by fraud.

The applications contained the following language just above the signature in red print, different from the other printing on the application:

"I hereby certify that the foregoing answers are full, complete and true and agree that the company, believing them to be true, shall rely and act thereon."

An assignment of error presented and insisted upon challenges the action of the Court in its finding of facts and the entry of judgment (a jury having been waived) in consideration of matters which the judgment on its face shows were outside the record. We think that it is not necessary for us to discuss this further than to say that when a jury is waived and the issues in an action at law are submitted to a judge to determine the facts and the law, it is the duty of the judge to consider only such facts

as are established by the record and it is not proper for him to take into consideration matters of which he has a personal knowledge and existence of which is not established by the record.

A judge assuming to determine questions of law and fact in a law action where a jury is waived must arrive at his conclusions regarding facts at issue from matters presented on the trial and not from matters which have come to his knowledge in some other manner.

For the reasons stated, the judgment should be reversed, and it is so ordered.

Reversed.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur.

WHITFIELD, J., concurs specially.

BROWN, J., concurs in the conclusion.

WHITFIELD, J. (concurring).—The policy provides that if it should lapse it may be reinstated upon written application by the insured and presentation of evidence of insurability satisfactory to the company. It is averred that the insured in his written application to reinstate the policy, in response to the question, "Within the past two years have you had any illnesses, diseases, or bodily injuries, or have you consulted or been treated by any physician or physicians?" answered "No," which answer it is averred was and is essentially false. The plaintiff joined issue on the averment that the insured had made the false response to the question contained in the application for reinstatement. As evidence in support of the issue was an admission by plaintiff's counsel "that the signature on each of the applications is the signature of Willie L. Tedder only."

The applications were put in evidence but there is no testimony that the particular typewritten response, "No" was upon the application when it was signed by the insured;

and the admission is as to the signature only, not as to what was in the application when signed by the insured. The answer "No" was not in the insured's handwriting, but is typed, and the person who attested the signature of the insured to the application was not called as a witness. Counsel for the plaintiff admitted that the signature on the application is "the signature of Willie L. Tedder only," and not that the particular response "No" was in the application when it was signed by Willie L. Tedder.

The peculiar terms of the admission by counsel for the plaintiff as to the signature of the insured on the application and the appearance of the response "No" in type on the application, reasonably should require a further showing that the answer "No" averred to be "essentially and materially false," was in fact made by the insured. *Non constat* when the insured signed the application for reinstatement the particular question was not answered at all on the application; and the certificate in the application made by the insured that the "answers are full, complete and true," was as to *answers made on the application by the insured* when he signed it.

DAVIS, C. J., and TERRELL, J., concur.