GEORGE T. STONEBRAKER, as Administrator of Estate of JACOB FRANKLIN STONEBRAKER, Deceased, v. RELIANCE LIFE INSURANCE COMPANY OF PITTSBURGH.

166 So. 583.
Division B.
Opinion Filed March 12, 1936.
Rehearing Denied March 31, 1936.

*Treadwell & Treadwell,* for Plaintiff in Error;

*Giles & Gurney* and *Thomas J. Gurney,* for Defendant: in Error.

BUFORD, J.—The writ of error in this case brings for review a judgment in favor of the defendant in a suit by Administrator to recover premiums paid on a policy of insurance containing a permanent disability clause, as follows:

"Total and Permanent Disabilty.—If the insured has not attained the age of sixty years after one full annual premium has been paid and before a default in the payment of any subsequent premium, this policy will become fully paid up, requiring no further payment of premiums by the insured, provided evidence, satisfactory to the Company, shall be furnished by the insured that he has become totally and permanently disabled for life by bodily injury or disease, and is thereby prevented from performing any and every kind of duty pertaining to his occupation or any other occupation or gainful pursuit. On receipt of such evidence the Company will endorse the proper provision hereon. In such event the cash, loan and surrender values shall increase from year to year, and this policy shall participate in any distribution of surplus in its class in like manner as if the premiums had been regularly and duly paid by the Insured."

In short, it is contended that the insured did not read the insurance policy and did not know that the above quoted clause was within the contract until a very short time before his death and that during the total period of five years next preceding his death he was entitled to the benefits of that clause of the policy but that because of the fact that he had not familiarized himself with the terms of the contract he paid the annual premiums and his Administrator is now entitled to recover the aggregate amount of such premiums from the Insurance Company.

The insured was a party to the contract. The evidence

shows that the contract was in his possession during the whole time from the date of delivery until insured died.

It appears to us that under this state of facts the insured was bound by the terms expressed in the contract and is charged with knowledge of the provisions of the contract. See Jefferson Co. v. Hawkins, Trustee, 23 Fla. 223, 2 Sou. 362; Scottish Union & National Ins. Co. v. David Petty, 21 Fla. 399; Perry v. Woodberry, 26 Fla. 64, 7 Sou. 483.

In the latter case the Court held in effect that the instrument is the best possible evidence of the intent and meaning of the parties to a contract and that no other language is admissible to show what the parties meant or intended, provided, of course, the terms of the contract are unambiguous. Now if the language used in a contract is the best possible evidence of the intent and meaning of the contracting parties, it necessarily follows that the contracting parties must, in the absence of fraud, be assumed to have known what the provisions contained in the contract were because the contract could not express the intent of the parties without the language used in the contract being known to the parties. In Ga. Home Ins. Co. v. Hoskins, 71 Fla. 282, 71 Sou. 285, it was held that the insured was bound to knowledge of all the provisions of his policy. There we said:

"Insured by accepting a policy on encumbered property containing a condition that it should be void in case the property insured should be, or become encumbered prior to or subsequent to the date of the policy, was charged with notice of and bound by such condition."

In Everglade Lumber Co. v. Nettleton Lumber Co., 111 Fla. 756, 149 Sou. 736, we held that parties to a contract, in the absence of fraud, accident or mistake, are bound by the contract and that "it is conclusively to be presumed that

the whole engagement of the parties and the extent and meaning of their undertaking were embraced in writing." To the same effect is the opinion in New York Life Ins. Co. v. Tedder, 113 Fla. 649, 153 Sou. 145.

So it is that it is not necessary for us to go beyond our own jurisdiction for authorities to support the legal principle that parties to a contract, in the absence of fraud, accident or mistake, will be conclusively presumed to know and understand the contents, terms and conditions of the contract.

With this point settled, we must arrive at the conclusion that the premium paid during the five years next preceding the death of the insured and which insured's administrator seeks to recover in this suit were voluntarily paid. Such being the legal conclusions, the next question is whether or not the insured, or his legal representative, may recover premiums which could have been avoided but which were voluntarily paid by the insured. In New York Life Ins. Co. v. Lecks, opinion filed April 27, 1935, reported 165 Sou. 56, we said:

"The company's demand in the circumstances for the resumption by insured of premium payments cannot be said to be unreasonable, arbitrary or coercive. The insured would have in nowise prejudiced his position in law by refusal to pay the premium. His payment of the premium was therefore optional and voluntary. In such case the insured was not entitled to recover the insurance premium of $45.46 thus voluntarily paid by him to the company. See 21 R. C. L., pp. 141, 142.

"The reason for the rule is set forth in the above authority, and supported by numerous decisions, as follows: 'The reason of the rule that money voluntarily paid with full knowledge of the facts can never be recovered and its

propriety are quite obvious when applied to a case of payment on a mere demand of money unaccompanied with any power or authority to enforce such demand, except by suit at law. In such case if the party would resist an unjust demand, he must do so at the threshold. The parties treat with each other on equal terms, and if litiga-, tion is intended by the one of whom the money is demanded,, it should precede payment. When the person making the payment can only be reached by a proceeding at law, he is: bound to make his defense in the first instance, and he cannot postpone the litigation by paying the amount paid. Otherwise, the privilege is left to him of selecting his own time and convenience for litigation, delaying it, as the case may be, until the evidence on which his adversary would have relied to sustain his claim may be lost by the lapse of time and the many casualties to which human affairs are exposed.' "

Under this state of the record, it is clear that the insured was not entitled to recover and, therefore, his legal representative, the Administrator, is not entitled to recover the premiums voluntarily paid by the insured. Therefore, if error was committed by the court below, such error becomes immaterial and harmless.

The judgment should be affirmed and it is so ordered.

Affirmed.

Ellis, P. J., and Terrell, J., concur.

Whitfield, C. J., and Brown and Davis, J. J., concur in the opinion and judgment.