PEARSON, Judge.
The appellant, plaintiff below, seeks reversal of a summary final judgment for the defendant insurance company. The appellant had prayed the court to order the appellee to issue a health and accident insurance policy and to determine the benefits he was entitled to under the policy. He claimed that an oral assurance by the soliciting agent for the appellee that he was insured and the acceptance by the agent of his check in payment of the premium on the policy bound the appellee company.
The application which appellant signed at the culmination of the alleged conversation expressly provided that the application would be deemed to have been declined unless it was approved within sixty days and expressly forbade an agent to waive any condition of the application.
The trial judge correctly found that appellant’s testimony as to the alleged oral contract would not be admissible at trial because of the parol evidence rule. See Sears v. James Talcott, Inc., Fla.App.1965, 174 So.2d 776, 778. Cf. New York Life Ins. Co. v. Tedder, 113 Fla. 649, 153 So. 145, 148 (1934).
The authority cited by appellant for his position that an enforceable contract came into being upon the agent’s alleged oral promise to insure is Eagle Fire Co. v. Lewallen, 56 Fla. 246, 47 So. 947 (1909). In that case the Supreme Court affirmed a judgment of the trial court in which the policyholder recovered upon a fire insurance policy. The company had defended upon a provision of the policy which required that other insurance upon the same property should be endorsed upon or added to the policy. The court held that under the circumstances of that case the agent was the alter ego of the company and that *276 the company had by its actions allowed the insured to rely upon the policy so that it would amount to fraud for the company to later assert a provision of the policy which the agent represented would be waived. We do not think the holding in that case amounts to a statement that an agent can bind a company by contracting to issue a policy when the written application expressly states that the agent cannot so contract.
Affirmed.