PEARSON, Judge.
Dade County Medical Association and the Florida Medical Association appeal a final judgment which permanently enjoined Dade County Medical Association from eliminating specialty headings for medical doctors in the classified telephone directory. In addition, the judgment set forth the standards and the procedure for obtaining a specialty heading.[1]
The appellee, Dr. G. Thomas Samartino, filed suit seeking both a temporary and a *629 permanent injunction against the Dade County Medical Association and against Southern Bell Telephone and Telegraph Company to restrain the Association from implementing and Southern Bell from acquiescing in a resolution[2] passed by a majority vote of the members of the Dade County Medical Association.
Southern Bell filed an answer stating that it had already advised the Dade County Medical Association that it would continue to accept listings under specialty headings. The Association’s answer denied that: (1) Dr. Samartino represented a class under the provisions of Rule 1.220, Florida Rules of Civil Procedure, 30 F.S.A.; [3] (2) it had used any coercion to enforce the resolution; and (3) membership in the Dade County Medical Association was a prerequisite for obtaining hospital staff privileges.
Extensive hearings were held and the court entered the final judgment appealed. The judge received a great many phone calls and letters in response to his order directing that copies of the final judgment be mailed to all physicians in Dade County. He set another hearing at which the matters raised by those who had phoned and written might be considered. After this hearing he issued the amendment to the final judgment which changed the requirements for obtaining a medical specialty heading listing in the Yellow Pages. Thereafter the court granted the Florida Medical Association’s petition to intervene.
Other principal findings of the court are:

“The Court finds that the Plaintiff and those in his class would be subject to sanction by the Defendant, DADE *630 COUNTY MEDICAL ASSOCIATION, INC. by reason of their failure to obey the foregoing ruling or edict of the DADE COUNTY MEDICAL ASSOCIATION, INC. held by the terms of this judgment to be unconstitutional and that Plaintiff’s prayer for a permanent injunction as against both of the Defendants herein in view of all of the testimony, and law considered by the Court should be granted.”

“The Court finds that the action, ruling or edict of the Defendant, DADE COUNTY MEDICAL ASSOCIATION, INC. as complained of in this litigation affects the livelihood of plaintiff and those in his class as relates to his right to contract and practice medicine, and therefore such action is violative of the due process clauses of the Fourteenth Amendment to the United States Constitution and Sec. 12 of the Declaration of Rights of the Florida Constitution.”
The appellants have presented four points on appeal. The first is:
“THE COURT ERRED BY INTERFERING WITH THE INTERNAL OPERATION AND ADMINISTRATION OF A PRIVATE AND VOLUNTARY NON-PROFIT CORPORATION BY ENJOINING IT FROM IMPLEMENTING A RESOLUTION APPROVED BY A MAJORITY VOTE OF ITS MEMBERS AND AFFECTING ONLY ITS MEMBERS.”
We hold that no error has been demonstrated under this point. Upon the complaint of a citizen a court has the power and the duty to determine whether the citizen has been deprived of due process of law by an action of a professional association, whether membership in the association is voluntary or involuntary. See 7 C.J.S. Associations § 34a and cases collected in footnotes 6 and 8, pages 80 and 81. Cf. Needelman v. Dade County Medical Association, Fla.App.1967, 205 So.2d 17; Crowden v. Dieu Nous Protege Benev. Mut. Aid Ass’n, La.App., 1933, 146 So. 710.
Appellants’ second point is:
“THE COURT ERRED IN GRANTING A PERMANENT INJUNCTION IN THE ABSENCE OF EVIDENCE: THAT PLAINTIFF HAD SUSTAINED OR WOULD SUSTAIN ANY SUBSTANTIAL DAMAGE; OR THAT DADE MEDICAL ASSOCIATION, INC. HAD TAKEN ANY MEASURES COERCIVE OR OTHERWISE, AGAINST THE PLAINTIFF OR OTHER DADE MEDICAL MEMBERS; OR THAT THE PLAINTIFF OR THEIR MEMBERS HAD BEEN DEPRIVED OF DUE PROCESS OF LAW BY THE ACTION OF DADE MEDICAL.”
We hold that there is no error in the finding of the trial judge that Dade County Medical Association’s ruling deprived Dr. Samartino of due process of law. There is no showing that the Association has statutory authority to require that all medical doctors be listed in a particular way in the telephone directory. In the absence of such a showing the trial judge should be sustained in his finding that the Dade County Medical Association’s ruling affects Dr. Samartino’s right to contract and therefore is violative of the due process of clauses of the Fourteenth Amendment to the Constitution of the United States and Section 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A. We therefore hold that no error has been demonstrated under appellant’s second point.
Appellants’ third point is:
“THE COURT ERRED IN TAKING JURISDICTION OF THIS CAUSE AS A CLASS ACTION.”
The relevant portion of the complaint is:
* * * * * *
“7. Plaintiff would allege upon information and belief that defendant, SOUTH *631 ERN BELL has, since on or before the Summer of the year 1927, listed in each of its classified directories Specialty Headings for Medical Doctors and such Specialty Headings have been subscribed to by certain Medical Doctors, of which your plaintiff is a class [sic]. Further, that Specialty Headings are available to Medical Doctors on a national basis.”
This allegation is too broad to describe a class with certainty and therefore does not meet the standard fixed by the Supreme Court of Florida in City of Lakeland v. Chase Nat. Co., 159 Fla. 783, 32 So.2d 833, 838 (1947), and reiterated in Peters v. Meeks, Fla.1964, 163 So.2d 753, 757. We therefore conclude that error has been demonstrated under appellants’ third point.
Appellants’ fourth point is as follows:
“THE COURT ERRED IN TAKING INTO CONSIDERATION CORRESPONDENCE AND TELEPHONE CALLS RECEIVED OUTSIDE THE PRESENCE OF THE PARTIES AND NOT FILED IN THE PROCEEDINGS.”
The record discloses that the judge received letters and telephone calls which he considered in his determination of the case.[4] It is the duty of a judge trying a cause to consider only facts established by the record. He cannot consider facts outside the record of which he has personal knowledge. New York Life Ins. Co. v. Tedder, 113 Fla. 649, 153 So. 145, 148 (1933). We therefore conclude that the appellants have demonstrated error under their fourth point.
The judgment must be reversed and the cause remanded because the appellants have demonstrated harmful error. For the guidance of the trial court upon remand we shall specify the findings we hold to be erroneous and those we hold to be correct.
The findings that: (1) the plaintiff-appellee properly brought this suit as a class action; and (2) the court had jurisdiction to make the orders included in the final judgment because the matters contained in the complaint are fraught with public interest; are erroneous and are therefore reversed.
The following quoted findings:
“1. This Court has jurisdiction of the parties and of the subject matter [a constitutional right to contract with Southern Bell] of this suit.”

“4. That Chapter 458 of the Florida Statutes does not expressly control the subject matter of this suit and more particularly that Section 458.14 F.S.A. controls the delineation of the healing arts in general and does not control or affect medical specialties for medical doctors in particular and therefore is not binding upon the matter litigated herein.
“5. This Court finds that the guidelines for telephone directory listings as prepared by the Judicial Council of the American Medical Association in June, 1966 includes the following paragraph which was set forth in the ballot submitted to the members of the Dade County Medical Association in regard to its recent action on specialty headings:
II
Physicians’ names should be listed alphabetically in the classified section of the telephone directory. It is not objectionable in this alphabetical listing to follow the physician’s name with the simple statement ‘practice limited to
******
and the finding that the ruling complained of is violative of the due process clauses *632 of the Fourteenth Amendment to the Constitution of the United States and Section 12 of the Declaration of Rights of the Constitution of the State of Florida, insofar as it restricts the rights of the appellee Samartino to contract with the telephone company are affirmed.
Accordingly, the final judgment and the amendment to the final judgment are reversed, and the cause is remanded for the entry of a final judgment in accordance with the views herein expressed.
Reversed in part, affirmed in part, and remanded.

. The final judgment ordered:
$ * * * *
“2. The injunctive relief granted herein is binding not only upon the named defendants herein, DADE COUNTY MEDICAL ASSOCIATION, INC. and SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, but such injunction be, and the same is equally binding upon all duly licensed practicing medical doctors in Dade County, Florida, as a class, and it is hereby ORDERED that the Clerk of this Court shall forthwith mail to each such practicing medical doctor a copy of this Judgment and each and every such doctor is required to file any response or objections hereto, if any he has, and such response shall be heard, at 5:00 o’clock P.M., Wednesday, June 21, 1967, at 416 Dade County Courthouse, Miami, Florida, and this order shall constitute notice of the terms of this order and shall be binding upon each and every such doctor.
“3. It is hereby specifically Ordered that specialty headings for medical doctors in Dade County, Florida, are not prohibited, subject to the provisions of this injunctive order and the Defendant, DADE COUNTY MEDICAL ASSOCIATION, INC. and the Defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, be, and they are both permanently enjoined from in any manner eliminating the publications of specialty headings for medical doctors in Dade County, Florida, consistent herewith, and said Defendant, DADE COUNTY MEDICAL ASSOCIATION, INC., be, and it is further permanently enjoined and restrained from invoking any sanctions, discipline or removal from membership of any member of the Dade County Medical Association or refusing membership therein to him because of telephone listings, so long as the said medical doctor is in compliance with the ruling of this Court, and said Defendant is further enjoined from pursuing its present ruling or edict in regard to specialty headings and said ruling is hereby stricken down and declared void.
“4. That medical doctors in Dade County, Florida, may publish and subscribe to specialty headings in the Classified Telephone Directories of the Defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, in Dade County, Florida, provided, however, that as a prerequisite thereto the doctor so publishing specialty headings shall furnish to the Defendant, SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY, competent evidence of Board certification or Board eligibility for such specialties as recognized by the American Medical Association. A list of such certification or eligibility may be determined by a list furnished by the D.C.M.A. to Southern Bell.
“5. It is further Ordered and provided that no medical doctor shall so publish or subscribe to specialty headings of more than two specialties; however, any medical doctor may submit and SOUTHERN BELL TELEPHONE AND TELEGRAPH COMPANY shall accept and publish under the alphabetical general heading of medical doctors, without regard to Board qualification or the furnishing of proof thereof, as many as two particular specialties, provided that the doctor so listing does in fact limit his practice to such specialties and that said specialties are recognized by the American Medical Association, in accordance with the list hereto attached.”
The amendment to the final judgment provided:
* * * * *
“1. As to the A.M.A. medical specialty of ‘General Practice’ there is no A.M.A. *629 Board certification and therefore any medical doctor engaged in General Practice may list his name under such specialty heading in the . yellow pages of the Greater Miami, Florida, telephone directory without furnishing any evidence of Board certification or Board qualification therein.
“2. The list of medical specialties allowed to be used in said telephone directory and attached to the Final Judgment is amended for sake of clarity to provide a) OTOLARYN-GOLOGY-EAR, NOSE & THROAT and h) OPTHAL-MOLOGY-EYE.
“3. In listing any specialty or sub-specialty consistent with the Final Judgment As Amended, either under such specialty or after the name in the general listing of Physicians & Surgeons, an appropriate limitation of the specialty to a particular area of the body may be inserted, e. g., Plastic Surgery — Ear, Nose and Throat, or, Practice Limited to Nose and Throat.
“4. The terms ‘Board eligibility’ and ‘eligibility’ in paragraph 4 of the Final Judgment are hereby deleted in lieu thereof it is ordered that as the prerequisite to publish under a specialty heading in said telephone directory the doctor shall furnish to Southern Bell Telephone and Telegraph Company, on or before June 26, 1967, a letter signed by the doctor, stating that he has met the requirements to qualify for Board certification in the named specialty or specialties, except for Board examination. Oousistent with this provision, the doctor who is Board Certified may either furnish a copy of his certificate or his letter stating that he holds such Board Certification. The Defendant Southern Bell is hereby authorized and directed to act in accordance with these amended provisions.”
* * * * *

. The resolution upon which the majority voted affirmatively was as follows:
‘‘RESOLVED, that the membership affirm the action taken at the regular March meeting of the DCMA to eliminate all specialty headings in the Classified Telephone Directory so that only alphabetical listings, followed by appropriate specialty designations appear in the Yellow Pages, in conformity with the Guidelines of the AMA Judicial Council of June, 1966, which read: Physicians’ names should be listed alphabetically in the classified section of the telephone directory. It is not objectionable in this listing to follow the physicians’ [sic] name with the simple statement, ‘practice limited to_’.”

. “When the question is one of common or general interest to many persons constituting a class so numerous as to make it impracticable to bring them all before the court, one or more may sue or defend for the whole.” Rule 1.220, Florida Rules of Civil Procedure.

. * *
“THE COURT: The record might reflect that in the interim from the entry of the final judgment, in addition to those who might be here and want to say something on the record, there are a number of letters and telephone inquiries that have come to the court, all of which will be filed and considered.”
* sit if: * *