295 So.2d 335 (1974)
Gregory B. ROWLAND, a Minor, by and through His Mother and Next Friend, Rosa Lea Rowland, and Rosa Lea Rowland, Individually, Appellants,
v.
NATIONAL STATES INSURANCE COMPANY, a Corporation, Appellee.
No. T-379.
District Court of Appeal of Florida, First District.
May 21, 1974.
Rehearing Denied June 25, 1974.
Tom C. Meers, Horner & Meers, Jacksonville, for appellants.
George Stelljes, Jr., Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
BOYER, Judge.
The trial judge entered a summary final judgment in favor of the defendant below, National States Insurance Company, citing Murphy v. John Hancock Mutual Life Ins. Co., Fla.App. (3rd) 1968, 213 So.2d 275. Plaintiff appealed and we reverse.
Plaintiff Rosa Lea Rowland is the mother of plaintiff Gregory B. Rowland who was, at all times material hereto, 19 years of age.
On August 28, 1972 defendant's agent D.M. Doyle went to the home of the plaintiffs for the purpose of discussing insurance. Mrs. Rowland, with the knowledge and authority of her son, handled the negotiations with defendant's agent, explaining to him that she desired to obtain hospitalization coverage for her son. In due *336 course Mrs. Rowland paid the agent $19.05, receiving from him a written document which plaintiffs now claim to be either a policy of insurance or a binder for a policy of insurance.
On September 3, 1972 Gregory B. Rowland was (so it is alleged) severely injured in an accident whereupon a claim was duly filed with defendant-appellee. The defendant denied coverage, asserting that the writing which had been furnished to plaintiffs by defendant's agent was merely a receipt and that coverage did not become effective until the date of issuance of the policy which defendant claims had not been accomplished.
Complaint was filed alleging that defendant "agreed to provide accident and sickness insurance coverage on an annual basis commencing August 28, 1972" a copy of the written document above referred to having been attached to the complaint. The defendant answered, denying that a policy of insurance was in effect. Depositions of the plaintiffs were taken and filed and the defendant's agent, D.M. Doyle, filed an affidavit. Defendant filed a motion for summary judgment which was granted.
The writing here involved is entitled as follows:
"NATIONAL STATES INSURANCE COMPANY
Econ Ome E
ECONOMICAL HOSPITAL AND SURGICAL EXPENSE POLICY"
The above language is neither preceded nor followed by any language indicating that it is a receipt. On the contrary, in the body of the writing is found the following:
"EFFECTIVE DATES:
ACCIDENTS  from noon or effective date of policy."
* * * * * *
"VERY FEW EXCLUSIONS: This policy does not extend to or cover suicide; * * *" (Emphasis added)
At the bottom of the writing is a perforated receipt, entitled as such, which contains the following:
"Received of G.B. Rowland $19.05 as initial Premium with application for Policy Form No. AHS-4 dated 8-28 1972." (Emphasis added)
Certainly the last quoted language is reasonably, perhaps even conclusively, subject to the interpretation that the policy is dated August 28, 1972. As above noted, the writing provides that the effective date is noon of the date of the policy.
The plaintiffs, in their depositions, testified that they had been assured by Mr. Doyle that accident coverage commenced immediately upon paying the premium of $19.05. Although there is nothing in the writing indicating the date of coverage, except those portions hereinabove quoted, Mr. Doyle stated in his affidavit that coverage would have commenced immediately if the premium had been paid on an annual or semi-annual basis, but that inasmuch as the premium paid was for only one month then coverage would not be effective until a policy was issued by the defendant company.
The briefs of the parties filed in this Court are devoted almost entirely to a discussion of the parole evidence rule. From the recitations in the briefs we are led to believe that such was the argument in the trial court. Appellee has cited numerous cases and texts to the effect that parole evidence is not admissible to contradict, vary, defeat or modify a complete, clear and unambiguous written contract. With this principle of law we are in complete agreement and have often so stated. However, while it is apparent that the writing before the trial judge was indeed a contract it can hardly be said to have been clear and unambiguous. We hold, therefore, *337 that the principles of law properly to be applied in the case sub judice are those to the effect that ambiguities in insurance contracts will be construed favorably to the insured, liberally in favor of coverage, and strictly against the party preparing the contract, in this instance the defendant. (18 Fla.Jur., Insurance, § 407 and the many cases therein cited; Firemans Fund Ins. Co. of San Francisco, Cal. v. Boyd, Fla. 1950, 45 So.2d 499)
Florida Statute 627.420, F.S.A., is clear authority for issuance and recognition of binders of insurance. That statute provides that binders may be either oral or in writing "and shall be deemed to include all the usual terms of the policy."
In accordance with the holdings in the cases above cited we find and hold that the writing before the trial court and now before us was an effective binder of accident and sickness insurance for the coverages therein designated effective August 28, 1972. This conclusion is bolstered by the sworn statement of the agent who issued the binder, to the effect that such coverages are immediately effective on the payment of annual or semi-annual premiums; but no such condition appears in the binder.
The summary judgment entered by the trial judge is accordingly reversed and this case is remanded for further proceedings consistent herewith.
The plaintiffs have filed a motion for an award of attorney's fees incident to this appeal. We, of course, do not express any opinion as to the extent of plaintiffs' damages nor as to whether the evidence as may be ultimately adduced will reflect coverage therefor. We here only hold that the written document before us which was attached to the complaint filed in the Circuit Court, constituted under the law of this State a binder for the insurance therein recited effective August 28, 1972. Therefore, if the plaintiffs are ultimately successful below, the trial judge is hereby directed to take appropriate testimony or proofs and thereupon award to the plaintiffs attorney's such fees and costs incident to prosecuting this appeal, as shall be proper in accordance with the guidelines heretofore enunciated by the Supreme Court of Florida and this Court. (See Dawson, etc. v. Blue Cross Association, etc., 293 So.2d 90, On Rehearing Granted, opinion filed May 7, 1974; Daleo v. Bert & Bette Bayfront 66 Marine, Fla.App. (3rd) 1972, 273 So.2d 113 and Segelstrom v. Blue Shield of Florida, Inc., Fla.App. (2d) 1970, 233 So.2d 645.)
SPECTOR, Acting C.J., and McCORD, J., concur.