BOYER, Judge
(concurring specially).
I completely concur but would go even further. The pertinent portion of the policy is quoted in the above opinion and no useful purpose will be served by repeating it here. A careful examination of that provision will, however, reveal that it is ambiguous on its face. It will be noted that the policy provision does not purport to exclude “coverage” or coverage for “injuries”. It merely purports to exclude “liability”. How one excludes liability is beyond my imagination. Further, the subject provision purports to exclude liability “in respect to minors”. Rhetorically one might ask: Does the subject provision purport to exclude coverage for injuries to minors? Does it purport to exclude coverage for injuries resulting from the acts of minors?
As we stated in Rowland v. National States Insurance Company, Fla.App. (1st) 1974, 295 So.2d 335, opinion filed May 21, 1974,
“ * * * ambiguities in insurance contracts will be construed favorably to the insured, liberally in favor of coverage, and strictly against the party preparing the contract, in this instance the defendant. * * * ”
See also Hartford Accident and Indemnity Company v. Phelps, Fla.App. (1st) 1974, 294 So.2d 362, opinion filed May 21, 1974, and the many cases therein cited.
Therefore, even if a seventeen year old experienced seaman were held to be a “minor” (contrary to our holding in the opinion above) there would nevertheless be coverage for injuries sustained by appellant under appellee’s policy of insurance.