400 So.2d 484 (1981)
George BENNETT D/B/a London Luggage Company, Appellant,
v.
I.B. BERK, Individually, Kane Insurance Agency, Inc., and the United States Fidelity and Guaranty Company, Appellees.
Nos. 80-939, 80-2123 and 80-2535.
District Court of Appeal of Florida, Third District.
May 19, 1981.
Rehearing Denied July 23, 1981.
*485 Adams & Ward and R. Wade Adams, Miami, for appellant.
Lanza, Sevier & Womack, Coral Gables, and Mel Lamelas, Wicker, Smith, Blomqvist, Davant, Tutan, O'Hara & McCoy and Richard A. Sherman, Miami, for appellees.
Before BASKIN and FERGUSON, JJ., and EZELL, BOYCE F., Jr., (Ret.), Associate Judge.
FERGUSON, Judge.
Plaintiff appeals from summary judgments entered for the defendants on a claim for fire loss after cancellation of a fire insurance policy. The appeals from these summary judgments have been consolidated by this court. The complaint alleges that brokers Kane Insurance Agency, Inc. and Berk failed to notify plaintiff of the cancellation, that Kane and Beck were negligent in not procuring other insurance, and that the insurer, United States Fidelity and Guaranty Company, was without authority to cancel.
The pleadings and depositions show that genuine issues of fact and law exist as to the claim against brokers, Kane and Beck, thus summary judgment was improperly granted. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Perez, II v. City of Miami, 358 So.2d 1132 (Fla.3d DCA 1978). An insurance broker may be liable for damages where there is an agreement to procure insurance and a negligent failure to do so. Marlor v. Foley Carter Ins. Co., 386 So.2d 22 (Fla.2d DCA 1980); Cat 'n Fiddle, Inc. v. Century Insurance Company, 200 So.2d 208 (Fla.3d DCA 1967), vacated in part on other grounds, 213 So.2d 701 (Fla. 1968).
It is uncontested that the insurer communicated to brokers Kane and Beck that the fire coverage was being deleted and that this communication was understood by the brokers. Assuming, as contended, that the broker failed to explain to Bennett the significance of the policy endorsement which deleted fire coverage, the insurer cannot be held liable. An insurance broker is an agent of the insured rather than of the insurer. Auto-Owners Insurance Co. v. Yates, 368 So.2d 634 (Fla.2d DCA 1979).
The authority for cancellation of the fire coverage was written approval by plaintiff. This approval was given by plaintiff after he had held the endorsement for approximately one month. No party to a written contract can defend against its enforcement on the sole ground that he signed it without reading it. Allied Van *486 Lines, Inc. v. Bratton, 351 So.2d 344 (Fla. 1977); All Florida Surety Company v. Coker, 88 So.2d 508 (Fla. 1956); Alejano v. Hartford Accident and Indemnity Co., 378 So.2d 104 (Fla.3d DCA 1979).
The order of summary judgment is affirmed as to the insurer United States Fidelity and Guaranty Company; it is reversed as to brokers Kane Insurance Company and Beck, and the cause is remanded for further proceedings.