678 So.2d 1313 (1996)
RLI INSURANCE COMPANY, Appellant,
v.
Donald COLLADO, Grace Collado, Daron Mark Collado, American Mutual Fire Insurance Company, and Jason K. Almerico and the Phoenix Insurance Company, Appellees.
No. 95-00441.
District Court of Appeal of Florida, Second District.
June 14, 1996.
Rehearing Denied September 9, 1996.
*1314 George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for Appellant.
Lee D. Gunn, IV, and Kelly K. Griffin of Gunn, Ogden & Sullivan, P.A., Tampa, for Appellees, Jason K. Almerico and The Phoenix Insurance Company.
SCHOONOVER, Judge.
The appellant, RLI Insurance Company, challenges a final summary judgment entered against it and in favor of the appellees, Jason K. Almerico and The Phoenix Insurance Company. We reverse.
This action arose out of an automobile accident which occurred on February 4, 1990. At the time of the accident, Daron Collado, age eighteen, was driving a 1989 Honda motor vehicle owned by his parents, Donald and Grace Collado. As a result of the accident, one of the passengers in the Collado automobile was killed and two other passengers, including the appellee, Jason K. Almerico, were seriously injured.
The appellant, who had issued an umbrella policy to Donald Collado, filed a declaratory judgment action against the Collados and their primary liability insurer, American Mutual Fire Insurance Company. The appellant alleged that the application for the policy that was issued required the applicants to list all drivers in their household under the age of twenty-six and if there were any, to list all vehicles that were owned or leased by the members of the household. The application stated that there were no drivers in the household that were less than twenty-six years of age and did not list all of the vehicles owned by the Collados, specifically a Mazda RX-7. The appellant also alleged that pursuant to its underwriting guidelines it would not issue an umbrella policy to any household having either a youthful driver or a high performance automobile and because the application in this case contained material misrepresentations, omissions or incorrect statements in that regard, it was entitled to rescind the policy.
In their answer to the appellant's complaint, the Collados filed affirmative defenses claiming that the appellant was estopped from denying coverage because the application was prepared by the appellant's agent, J.R. Pliego. They also claimed that since the appellant was in possession of a copy of the underlying policy which listed a 1987 Cadillac, a 1989 Honda, and a Mazda RX-7 as insured vehicles, it had actual knowledge of the number and type of vehicles owned by the Collados and knew that eighteen year old Daron was a resident of the household.
As the case progressed, appellee Jason Almerico and appellee The Phoenix Insurance Company, which provided UM benefits to Jason Almerico, were allowed to intervene in the action because of a settlement that they had entered into with the Collados. The settlement resulted in a stipulated judgment which made the appellees judgment creditors and express assignees of the Collados.
After their motion to intervene was granted, appellees Almerico and Phoenix filed an answer and an affirmative defense alleging that appellant was estopped from asserting the omissions in the application. The appellees also filed a counterclaim which alleged the application for insurance was completed by the appellant's statutory and/or apparent agent (count I), breach of contract (count II), bad faith (count III), and negligence (count IV).
The first series of summary judgment motions filed by the parties resulted in partial summary judgments for both parties. The trial court granted a partial summary judgment in favor of the appellant which found *1315 that the misrepresentations in the insurance application were material and that the policy would not have been issued if the true facts had been known to the appellant. The court also granted a partial summary judgment in connection with the appellees' first affirmative defense and count I of the counterclaim. The court held that J.R. Insurance Agency and/or J.R. Pliego was appellant's statutory agent pursuant to section 626.342, Florida Statutes (1989), and that the appellant was estopped from rescinding the insurance policy.
Additional motions for summary judgment resulted in the trial court holding that the appellant had breached its indemnity obligations by wrongfully denying coverage and, therefore, was required to pay the full amount of the stipulated judgment. The appellant filed a timely notice of appeal from the judgment awarding the appellees Almerico and Phoenix the sum of $1,667,510.05.
We agree with the appellant's contention that the trial court erred by granting a summary judgment against it. Additionally, even though the evidence surrounding the completion and execution of the application for the umbrella policy is conflicting, because J.R. Insurance Agency and/or J.R. Pliego was not acting as an agent of the appellant at that time, but instead as agent of the Collados, no issue of material fact exists, and the trial court erred by not entering a summary judgment for the appellant.
J.R. Pliego, owner of J.R. Insurance Agency, was a licensed insurance agent properly licensed to sell the insurance involved in this action. Mr. Pliego represented American Mutual Fire Insurance Company. When the company stopped issuing umbrella policies, Mrs. Collado was properly informed and requested insurance from some other company. Pursuant to the Collados' request that he obtain an umbrella liability policy for them, Mr. Pliego obtained an application from Poe and Associates, who had been appointed the agent to market the appellant's policy in Florida. Although the appellant knew that Poe and Associates would obtain subproducers to take applications for insurance, the appellant relied upon Poe and Associates to process the applications and had no direct dealings with Mr. Pliego.
An insurer may void an insurance policy when an insured makes a material misrepresentation in an application if it can establish that the policy would not have been issued if the true facts had been known to it. § 627.409(1), Fla. Stat. (1989). Continental Assurance Co. v. Carroll, 485 So.2d 406 (Fla. 1986). Although the trial court held, and it has not been challenged in this appeal, that the misrepresentations in the application were material and that the policy would not have been issued had the true facts been known to the appellant, it still refused the appellant's request to rescind the policy.
The evidence was conflicting as it related to the identity of the person who filled out the application, whether the applicants read it before they signed, and whether Mr. Collado even signed it. If we assume that the application was signed by Mr. Collado, it is presumed that he intended to authenticate it and become bound by its contents. See New York Life Ins. Co. v. Tedder, 113 Fla. 649, 153 So. 145 (Fla.1933). Furthermore, a party may not defend against a written contract that he signed on the ground that he did not read the agreement. Bennett v. Berk, 400 So.2d 484 (Fla. 3d DCA 1981). See also Allied Van Lines, Inc. v. Bratton, 351 So.2d 344 (Fla.1977). If we assume that the application was signed by Mr. Pliego, in light of our holding as hereinafter discussed that he was not the appellant's agent but instead was acting on behalf of the Collados, the appellant would not be estopped from rescinding the policy. See Empire Fire & Marine Ins. Co. v. Koven, 402 So.2d 1352 (Fla. 4th DCA 1981).
As just mentioned, we conclude that under general law, Mr. Pliego was the agent of the Collados. We additionally hold that section 626.342 does not change that result and, therefore, the appellant is not estopped from rescinding the insurance policy.
In Auto-Owners Ins. Co. v. Yates, 368 So.2d 634 (Fla. 2d DCA), cert. denied, 378 So.2d 351 (Fla.1979), this court adopted the definition of an insurance broker which is set *1316 forth in 3 Couch on Insurance 2d, section 25:92 (1960). This section provides:
An "insurance broker" is one who acts as middleman between the insured and the insurer, and who solicits insurance from the public under no employment from any special company, and who, upon securing an order, places it with a company selected by the insured, or, in the absence of such a selection, with a company selected by himself; whereas an "insurance agent" is one who represents an insurer under an employment by it. Whether a person acts as a broker or agent is not determined by what he is called but is to be determined from what he does. In other words, his acts determine whether he is an agent or a broker.
Applying the definition to the facts of this case, J.R. Insurance Agency (and/or J.R. Pliego) was the agent of American Mutual Fire Insurance Company, but acted as a broker when obtaining the umbrella policy from the appellant. Mr. Pliego had no authority to act for the appellant, did not hold himself out as having such authority, and the fact that in the past he had placed coverage with the appellant did not make him appellant's agent. Yates, 368 So.2d at 637. The fact that Mr. Pliego was furnished blank applications and expected to receive a commission does not change this result. Ivey v. Hull & Co., 458 So.2d 439 (Fla. 2d DCA 1984).
Since Mr. Pliego was acting as a broker, he was the agent of the Collados in matters connected with the procurement of the umbrella policy. Yates. See also Ivey; AMI Ins. Agency v. Elie, 394 So.2d 1061 (Fla. 3d DCA 1981). Therefore, the conflict in testimony concerning the application was irrelevant because the Collados were bound by his actions.
We recognize that the general rule discussed above can be modified by statute. See Peddy v. Pacific Employers Ins. Co., 246 F.2d 306 (5th Cir.1957). Under the facts of this case, however, the trial court erred by holding that Mr. Pliego was the statutory agent of the appellant pursuant to section 626.342, Florida Statutes (1989), and that the appellant was, therefore, estopped from rescinding the policy.
Section 626.342 is entitled "Furnishing supplies to unlicensed life, health, or general lines agent prohibited; civil liability and penalty." That statute provides:
(1) No insurer, general agent, or agent, directly or through any representative, shall furnish to any agent any blank forms, applications, stationery, or other supplies to be used in soliciting, negotiating, or effecting contracts of insurance on its behalf unless such blank forms, applications, stationery, or other supplies relate to a class of business with respect to which such agent is a licensed agent, whether for that insurer or another insurer.
(2) Any insurer, general agent, or agent who furnishes any of the supplies specified in subsection (1) to any agent or prospective agent not licensed to represent the insurer and who accepts from or writes any insurance business for such agent or agency shall be subject to civil liability to any insured of such insurer to the same extent and in the same manner as if such agent or prospective agent had been appointed, licensed, or authorized by the insurer or such agent to act in its or his behalf. The provisions of this subsection do not apply to insurance risk apportionment plans under s. 627.351.
(3) This section does not apply to the placing of surplus lines business under the provisions of ss. 626.913-626.937.
As the title to the section indicates, the purpose of the statute is to prohibit the furnishing of certain indicia of agency to those who should not have it. In this case, Mr. Pliego and J.R. Insurance Agency were properly licensed to sell the insurance in question and the appellant was authorized to furnish Mr. Pliego the applications involved pursuant to section 626.752, Florida Statutes (1989), which provides for the exchange of business between insurers and agents. Since the appellant and Mr. Pliego complied with section 626.752, section 626.342(1) was not violated and Mr. Pliego and/or J.R. Insurance *1317 Agency did not become the appellant's statutory agent under 626.342(2).[1]
Since the trial court erred by not entering a summary judgment for the appellant, we must reverse and remand with instructions to do so. In view of our disposition of the matter, it is not necessary to discuss the other rulings of the trial court.
Reversed and remanded with instructions.
RYDER, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] Even if we had determined that this section applied, the scope and authority of the statutory agent as it relates to third persons is not so conclusively fixed by the statute itself as to fasten irrebuttable liability on the company for any agreement the agent may sign or any act he may perform. Centennial Ins. Co. v. Parnell, 83 So.2d 688 (Fla.1955). To hold otherwise would just about do away with insurance brokers.