**RUPP HOTEL OPERATING CO., a Florida Corporation and WILLIAM R. RUPP v. LOUIS A. DONN**

29 So. (2nd) 441          June Term, 1946
January 10, 1947          En Banc
Rehearing (See Opinion February 28, 1947)

542

*Randolph E. Bell* and *Allen Clements* for appellants.

*E. F. P. Brigham,* for appellee.

BUFORD, J.:

The decree of the court below was entered on bill and answer, in which answer was included a motion to dismiss. No testimony or evidence was submitted.

The issue presented by the pleadings was, "When did the lease involved expire?"

The lease was dated March 6, 1943, and contained the following pertinent clauses:

"TO HAVE AND TO HOLD the said premises unto the Lessee for an undetermined term of years, to-wit: for the duration of the present World War plus a reasonable period of grace following immediately after the conclusion of the war, not to exceed thirty days of grace, from and after the first day of May, A.D. 1943;" and also:

"The Lessor hereby grants to the Lessee, or his and/or its assigns, the option to lease the within described premises and the personal property and equipment appurtenant thereto, for a term of one year, starting immediately after the conclusion of the war on the identical terms of payment as set forth in this lease. The said option shall be exercised within the thirty day grace period above referred to, and commencement of said one year additional term will date back to the day following the conclusion of said war or the conclusion of the 'duration'."

In this bill of complaint the plaintiff alleged: "that the present World War has been concluded and was concluded by the unconditional surrender of Japan to the United States of America and her Allies on August 14th, 1945, at which time all hostilities between the warring nations ceased; that by reason thereof, and by reason of the terms and provisions of said lease, said lease has terminated and did terminate thirty

days after date of August 14, 1945; plaintiff alleges that the defendants have not exercised said option provided in said lease and are wrongfully in possession of said premises owned by the plaintiff; that the defendants are remaining in possession of said premises because they claim that the term of said lease has not expired because the World War mentioned in said lease has not been concluded and will not be concluded until the President of the United States or Congress, or both, declare the so-called present 'duration' to be at an end, and that they will have thirty days thereafter before the term of said lease expires; that it is necessary that the Court construe the term of said lease and declare the extent of the term of said lease, in accordance with its terms and provisions; that conceivably under the construction of said leases contended for by the defendants, its term may never end, or be of long extent, depending on development of foreign affairs which will make it advisable or necessary for the United States Congress and the President to continue the so-called 'duration'."

In the answer it is averred:

"Defendants deny that the present World War has been concluded; defendants deny that the present World War was concluded by the unconditional surrender of Japan to the United States of America and her allies on August 14, 1945; defendants deny that all hostilities between the warring nations in the present World War ceased on August 14, 1945; defendants deny that by reason of the unconditional surrender of Japan to the United States of America and her allies on August 14, 1945, and by reason of the provisions and terms of said lease referred to in the bill of complaint that said lease terminated and did terminate 30 days after the date of August 14, 1945; defendants admit that they have not exercised the said option provided for in said lease for the reason that the original term of said lease has not expired; defendants admit that they are in possession of the premises owned by the plaintiff but deny that they are wrongfully in possession; defendants admit that they are remaining in possession of said premises because they claim that the term of said lease has not expired because the World War mentioned

in said lease has not been concluded; defendants aver and claim that the present World War will be concluded upon the ratification of the treaty of peace, or upon the proclamation of peace; defendants aver and claim that they will have a period of 30 days after the conclusion of the present World War to exercise the option in said lease for extending the term thereof for a period of one year from the date of the conclusion of the present World War; defendants deny that under defendants' construction of said lease the term of said lease may never end; and defendants aver and claim that the terms of said lease are unambiguous."

So, the court must first determine whether or not the language "for the duration of the present World War" and the language "the conclusion of the said war or the conclusion of the duration" is ambiguous. If it is not ambiguous, then the court must so determine and adjudicate the definition. If the language is ambiguous, then the court must determine from evidence submitted whether the parties intended that the lease should terminate 30 days after the cessation of the fighting and the surrender of the enemy on the field of battle or 30 days after the "conclusion of the duration" of a state of war between the United States and the Axis powers.

The parties were sui juris and used just such language as they wished to use in the contract. The language is that of their choice.

It is a matter of common knowledge that the conclusion of the duration of the war which was in progress on March 6th, 1943, has not yet obtained. We may also take judical cognizance that the very property, a hotel, here involved is under the supervision of the Federal Office of Price Administrator, which is a war-time governmental agency whose authority will terminate with the conclusion of the duration of the present war, if by lawful order it is not sooner suspended.

On October 2, 1946, Mr. Justice SEBRING addressed a letter to the Chief Justice and Justices of this Court in which he said:

"The Chief of the Operations Unit, War Crimes Branch of

the United States War Department, in a conference which I have had with him, has conveyed to me virtually the same information as is contained in the letter received by the Governor. He has also informed me that the members of the courts referred to are to be judges selected from the Federal and State Courts in the Nation; that the service to be performed by them is essentially active military service in the furtherance of the National War Effort, which, because of its nature, the government has determined should be performed by civilian, not army, personnel; that the courts are to be established in the American Occupied Zone in Germany, which is now under martial law and the military jurisdiction of the United States of America; that the designation for this assignment will be by the President, as Commander-in-Chief of the Army and Navy of the United States, under the First War Powers Act, and will be a temporary, not permanent, designation extending only for the period of the trials; that the trials are scheduled to commence in October and will continue for approximately one year; and that compensation and allowances for expenses will be paid by the Federal Government.

"As has been pointed out by the representative of the War Department, the trial of Nazi War criminals in the American Zone is in furtherance of the National War Effort, and consequently I feel that it is my duty as an American citizen owing paramount allegiance to the Federal Government to accept the assignment. The Governor of the State is of the same view and has granted me a leave of absence for that purpose. Inasmuch as the duties of the assignment will necessitate an absence from the Court for a period not to exceed one year, I respectfully request that I be excused from the performance of my judicial duties as Justice of the Supreme Court of Florida during my absence."

We judicially recognized the valenty of the premises stated by Mr. Justice SEBRING and unanimously granted him leave of absence and ordered his letter and our action thereon made a matter of record in this Court. There could have been no basis in law or reason for this action if the "conclusion of the duration" of the War had already occurred.

It is our view that the language used is unambiguous. If any ambiguity existed in the language "conclusion of the War" it was made clear and unambiguous by the explanatory words "or the conclusion of the duration". The parties thereby defined the words "conclusion of the war" to mean the "conclusion of the duration." "For the duration" means, as we gather from Webster's Unabridged Dictionary, Practical Standard Dictionary and The Oxford English Dictionary, the time during which a thing, action or state continues. So "for the duration of the war" means as long as a state of war continues.

In the case of Dubuisson v. Simmons, 157 Fla. 473, 26 Sou. (2) 438, we had under consideration the statutory language "so long as the present state of war with the Axis Powers, or any of them, shall actively continue" and we held that such state of war did continue, saying:

"It is a matter of common knowledge of which all courts may take judicial cognizance that at the time Chapter 22432, supra, was enacted a state of war existed between this Country and those countries known as the Axis Powers, including both Germany and Japan. It is also a matter of common knowledge of which the courts may take judicial cognizance that there has been no Proclamation by the President and no Act of Congress of the United States by which it has been determined that such state of war has been discontinued. It is also a matter of common knowledge of which the courts may take judicial cognizance that the Armed Forces of the United States now occupy large parts of the territory formerly occupied by the Axis Powers and that such Armed Forces of the United States are in such areas actively prosecuting the purpose of war. Not only have many thousands of our troops been required to remain in these distant lands, but new troops are being sent into such territory for replacements of, and addition to our military power and this all solely because a state of war continues to exist."

In the case of Colonial Hotels, Inc. v. Maynard, et al., in which opinion was filed November 8, 1946, the question before us was to determine when a lease contract expired, which contract provided that the lease under consideration should terminate "when all hostilities cease and an Armistice has

been signed between the United States of America and all Nations with which it may at such time be at war." This language clearly contemplated that the lease was not to run for the duration of the war but was to terminate when hostilities ceased and an Armistice had been signed, although the condition of war might still exist. In that case we held that the lease terminated when hostilities ceased and the last of the Axis Nations unconditionally surrendered.

In Hamilton v. Ky. Distilleries & Warehouse Co., 40 Sup. Ct. 106, 251 U. S. 146, 64 L. Ed. 194, it was said:

In the absence of specific provisions to the contrary the 'period of war' or 'conclusion of the war' do not mean cessation of hostilities or the actual termination of war activities but extends to the ratification of the treaty of peace or the Proclamation of Peace.

In Ribasy Hijo v. United States, 24 Sup. Ct. 227, 146 U. S. 315, 48 L. Ed. 994, it was said:

Termination of war between the United States and Spain did not occur when actual hostilities were suspended by the Proctocol on August 12, 1898, and a state of war did not in law cease between the two countries until ratification in April, 1899, of the Treaty of Peace.

We think the instant case is ruled by our opinion and judgment in the Dubuisson case, supra.

In 12 Am. Juris. page 764, 765, Sec. 238, it is said:

"Where words or terms having a definite legal meaning and effect are knowingly used in a written instrument, the parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument."

To the same effect is Clark v. Pinney, 7 Cow. 681; Ellmaker v. Ellmaker, 4 Watts. 89; Hart v. Hammett, 18 Vt. 127; Annotation 12 L.R.A. 376.

For the reasons stated, our view is that the decree should be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

So ordered.

TERRELL and ADAMS, JJ., and Harrison, Circuit Judge concur.

CHAPMAN, C.J., THOMAS and BARNS, JJ., dissent.

ON REHEARING GRANTED

BARNS, J.:

The subject matter of the controversy is the *term* of a lease of a hotel at Miami Beach. The lease was made on March 9, 1943 and provided its term should be for the "duration of the present world war."

The question before the Court is when did the term of the lease end.

Courts should attempt to give words and phrases used in contracts the natural meaning or that meaning most commonly understood when considered in reference to subject matter and circumstances. The words "conclusion of the war" or "duration of present world war" or "conclusion of duration" do not have a definite legal meaning. Such meaning will depend on the subject matter to which the words relate and the purpose of their use. The intent of the quoted language may vary with the circumstances and such words will not essentially convey the same connotations under all circumstances.

Was it the intent that the term should end only after a treaty of peace or after a Presidential proclamation or after the effective subjugation?

It is our conclusion that the quoted term when used to fix the term of the lease of the hotel under date of March 9th, 1943, when considered in application to the subject matter and the circumstances—the term of a hotel lease at Miami Beach—may have meant and likely did mean "until hostilities had brought about surrender or effective subjugation." Such was the effect of the chancellor's finding. We find no error.

Affirmed.

THOMAS, C.J., ADAMS and CHAPMAN, JJ., concur.

TERRELL and BUFORD, JJ., dissent.