Suit by Edward Medard against Herbert J. Paulson and Mary Paulson, his wife, and W.E. McClure and Fred H. Hoffman, doing business under the name and style of McClure and Hoffman, for rescission of contract for purchase and sale of realty, and for a return of purchase money paid under contract. From an adverse decree, plaintiff appeals.
Affirmed.
The record in this case discloses that the plaintiff-appellant entered into a contract of purchase with the owner and seller, through a real estate agent, of a furnished house and lot situated in the City of Tampa. The agreed price thereof, as set out in the purchase agreement, was fixed at the sum of $20,000. The purchaser deposited with one of the Tampa banks the sum of $2,500 under an escrow agreement, and, with his family, went immediately into the possession of the property, awaiting the details of closing the trade. The purchase agreement and deed were to be signed by the wife of the seller in the State of Pennsylvania and returned to the escrow agent in Tampa. The remaining $17,500 was to be financed by the purchaser, and in his efforts so to do he obtained the services of the same realtor as the seller and owner.
Paragraph 6 of the purchase agreement as signed by the seller, purchaser and real estate agent is viz.: "6. The seller agrees to pay to said agent a sum equal to five % of the purchase price as commission. The right to said commission shall become fixed and final when the seller and buyer shall have executed this contract of purchase and sale. If the transaction shall be closed, said commission shall be paid at the time of closing. If the buyer fails to perform the covenants herein contained within the time specified the deposit made by the buyer shall be forfeited and so much thereof as may be necessary to pay the commission in full shall be retained on that account by the agent, and balance to be paid over to seller. If the transaction shall not be closed because of refusal or inability of the seller to perform then the seller shall pay said commission to agent on demand." *Page 903 
The purchaser advised the real estate agent of the seller of his declination of going through with the deal or trade and asked for a return of the $2,500 previously by him deposited under the terms of an agreement with the escrow agent. Shortly thereafter he filed a bill in equity praying for a rescission of the contract of purchase and a return of the purchase price money paid thereunder. The bill alleged that the contract was void and unenforceable because (1) the wife of the seller failed to sign the agreement; (2) the deed had not been delivered to the escrow agent by the seller; (3) title insurance had not been furnished as required by the contract; (4) the house was so infested with termites as to render it not usable; (5) the seller represented that the building was free from termites and the purchaser was without knowledge thereof and, relying on the statement as true, acted and to his irreparable injury.
Other appropriate pleadings were filed and the Chancellor heard the testimony of the respective parties on the issues presented, and on final hearing denied the prayer of the bill for rescission of the contract and held that the plaintiff below breached the contract and thereby forfeited the $2,500 paid under the contract to the seller. From the amount $1,000 was ordered paid to the real estate agent and the Chancellor decreed the seller's losses or damages in the sum of $1,000 and ordered a return of $500 to the plaintiff, who has perfected an appeal here.
It is contended by counsel for appellant that the contract of purchase was breached by the seller because the wife of the seller failed or omitted to sign it along with her husband, the owner, as contemplated by the parties. This contention failed to take into consideration the conduct of the buyer when he placed the $2,500 with the escrow agent under the terms of the agreement and with his family moved into the home and remained for a period of more than two months. The failure of the owner's wife to sign the agreement did not deter him in the advancement of his own interest in taking possession of the property as a home for his family under the same agreement. The conduct of the buyer in the premises is tantamount to a waiver of the signature of the seller's wife to the sales contract.
It is next contended that the deed was never tendered or delivered to the escrow agent by the seller and therefor the contract was breached. The record discloses that the deed was executed and sent to a Tampa lawyer and was available at all times and this fact was brought to the attention of the buyer-appellant prior to the institution of suit. We have carefully examined the testimony of the several witnesses with reference to the termite infestation of the building. The contract of purchase failed to cover this item. The seller testified that there were no termites and he was protected by guaranty against them. The buyer testified that he could not go through with the contract because of termites. He made no effort to adjust the point of cleavage with the seller.
The burden of showing error, under our appellate procedure, rests on an appellant. We have carefully considered the entire record and fail to find error. If the appellant had obtained the advice of counsel prior to signing the contract here involved, which he now seeks to avoid, in the opinion of the writer, the results would have been different. Courts are without power to interfere with the freedom of contracts, or rewrite them for the parties, or substitute their judgments for those of the parties in order to relieve some one from the hardships of an improvident agreement.
Affirmed.
THOMAS, C.J., and TERRELL and SEBRING, JJ., concur. *Page 904