213 So.2d 879 (1968)
Harold C. WILCOX and Agnes B. Wilcox, His Wife, Appellants,
v.
Sara Ann ATKINS, Appellee.
No. 67-338.
District Court of Appeal of Florida. Second District.
September 4, 1968.
Rehearing Denied October 2, 1968.
*880 John D. Kaylor, of King & Howell, Winter Haven, for appellants.
Raymond C. Smith, Lakeland, for appellee.
HOBSON, Judge.
Plaintiffs-appellants are husband and wife and have taken this appeal from a final summary judgment entered in favor of defendant-appellee.
On May 31, 1961, the appellants delivered to appellee, a real estate broker, the sum of $3,500 as part of a certain "Deposit Receipt and Sales Agreement." This money was delivered, on account, toward the purchase price of the property described in the above agreement which was subject to the approval of a party other than the appellants or the appellee. In addition to being a deposit receipt, the agreement was an offer to purchase the property described therein subject to the approval of the owners of said property. Both appellants and appellee affixed their signatures to the agreement; however, the appellee's signature was not under seal.
Subsequent to the signing of the above document, the appellants purchased the property described in the agreement at a different price and upon different terms than those set forth in the agreement. In so doing, appellants by-passed the appellee and dealt directly with the owners of the property in question.
The appellee, upon learning of the purchase and sale, sued and recovered a judgment from the vendors of the above-mentioned property for her real estate commission for the sale of that same real estate for which she, the appellee herein, had been previously paid the $3,500 deposit. This judgment was satisfied in full.
Appellants made proper demand for the return of their $3,500 deposit. The appellee refused to return it and appellants brought this suit on December 23, 1965, to recover their deposit.
The lower court, in entering final summary judgment for appellee, ruled that appellants' action, which was filed on December 23, 1965, was barred by the statute of limitations, Section 95.11(5) (e), Florida Statutes F.S.A., since the May 31, 1961, sales agreement did not require the appellee to return the deposit to the appellants and therefore did not constitute a written contract.
The question which is determinative of this appeal is whether § 95.11(5) (e), Florida Statutes, F.S.A. (the 3-year statute), or § 95.11(3), Florida Statutes F.S.A. (the 5-year statute), applies to the instrument sued upon.
The two sections in question are:
"§ 95.11 Limitations upon actions other than real actions.  Actions other than those for the recovery of real property can only be commenced as follows:
* * * * * *
"(3) WITHIN FIVE YEARS.  An action upon any contract, obligation or liability founded upon an instrument of writing not under seal.
* * * * * *
"(5) WITHIN THREE YEARS. 
* * * * * *
"(e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
*881 In order to decide which is the applicable section, it is necessary to look at the instrument itself, the pertinent parts of which are:

 "DEPOSIT RECEIPT AND SALES AGREEMENT
 May 31, 1961
 RECEIPT IS HEREBY ACKNOWLEDGED OF THE SUM OF:
 Thirty-five-hundred _____________________ DOLLARS ( $3500.00)
 from Harold C. Wilcox and Agnes B. Wilcox his wife, ... as a
 deposit on account of the purchase price of the following described
 property...
 Purchase Price: One-hundred-twenty-thousand ___________ DOLLARS
 ($120,000.00)
 Less cash above receipted: Thirty-five-hundred _____________ DOLLARS
 ( 3,500.00)
 Balance of purchase price:
 One-hundred-sixteen-thousand-five-hundred ________________ DOLLARS
 (116,500.00)

* * * * * * * * * * *
 SARA ANN ATKINS, REAL ESTATE BROKER
 By (Signature of appellee appears here)
I, or we, agree to purchase the above described property on the terms and conditions stated in the foregoing instrument:
 (Signature of appellant-husband) (SEAL)
 (Signature of appellant-wife) (SEAL)"
It must now be decided whether the portions of the above instrument constitute a contract in writing sufficient in law to bring it within the purview of the five-year statute of limitations or whether the absence in the instrument of a clause requiring the appellee to return the deposit to the appellants rendered the writing of the instrument insufficient in law to constitute a contract and thusly within the purview of the three-year statute of limitations which would bar recovery.
While courts have no power to make contracts for parties, or to rewrite, alter, or change contracts when made, courts do have the power to interpret, according to established rules, the meaning to be attached to the words, or the language, used to express the contract. Pierce v. Isaac, Fla. 1938, 134 Fla. 666, 184 So. 509; Windham v. Windham, Fla. 1943, 152 Fla. 362, 11 So.2d 797; International Association of Machinists v. State ex rel. Watson, Fla. 1943, 153 Fla. 672, 15 So.2d 485; Camichos v. Diana Stores Corp., Fla. 1946, 157 Fla. 349, 25 So.2d 864; and Medard v. Paulson, Fla. 1948, 37 So.2d 902.
When words or terms having a definite legal meaning and effect are knowingly used in a written instrument, as was done in the case at bar, the parties thereto will be presumed to have intended such words or terms to have their proper legal meaning and effect, in the absence of any contrary intention appearing in the instrument. Langley v. Owens, Fla. 1906, 52 Fla. 302, 42 So. 457, 11 Ann.Cas. 247; Ross v. Savage, Fla. 1913, 66 Fla. 106, 63 So. 148; Durham Tropical Land Corp. v. Sun Garden Sales Co., Fla. 1931, 106 Fla. 429, 138 So. 21, 143 So. 758, 151 So. *882 327; and Rupp Hotel Operating Co. v. Donn, Fla. 1947, 158 Fla. 541, 29 So.2d 441.
As no contrary intention appears in the agreement, it simply remains for this court to interpret the proper meaning to be attached to the words used therein.
The instrument in question clearly recites that it is a "Deposit Receipt." It acknowledges receipt of $3,500 from the appellants herein "as a deposit on account of the purchase price of" certain property.
The words "as a deposit on account" create a contract. Long v. Straus et al., 107 Ind. 94, 6 N.E. 123 (1886). The instrument under examination in Long v. Straus et al., supra, was, in legal effect, the same as the one before us. The only difference in the pertinent phraseology of the two instruments is that the one in the Long case used the words "on deposit," while the one in the case sub judice uses the words "as a deposit on account." It was held in the Long case that the instrument constituted a contract which could not be varied by parol evidence.
This written instrument is to be given legal effect, and to give it effect, the courts must consider it as embodying all the legal obligations implied from its language. Here, it should be noted that a contract includes not only the things written, but also terms and matters which, though not actually expressed, are implied by law, and these are as binding as the terms which are actually written. McGill v. Cockrell, Fla. 1924, 88 Fla. 54, 101 So. 199; and Sharp v. Williams, Fla. 1939, 141 Fla. 1, 192 So. 476.
In this regard, the law imported into a contract does not create an independent agreement, but makes the instrument itself express the full agreement of the parties. The words found in a contract are to have a meaning attributed to them, and are the best possible evidence of the intent and meaning of the contracting parties. Stonebraker v. Reliance Life Ins. Co. of Pittsburgh, Fla. 1936, 123 Fla. 244, 166 So. 583.
To the words "as a deposit on account," the law implies, as a part of the contract, that when the deposit is not used for the purpose intended when deposited and reasonable demand is made for its return, the depositor is entitled to receive back that which belongs to him. Long v. Straus et al., supra.
If the appellee had, in fact, inserted a clause in the contract requiring her to return the deposit to the appellants, it would not have added to the legal force and effect of the contract, for what the law implies is as much a part of the contract as if it had actually been written in the contract. McGill v. Cockrell, supra; and Sharp v. Williams, supra.
A court will endeavor to give a just and fair construction to a contract whenever possible  one which will lead to justice between the parties. Brown v. Beckwith, Fla. 1910, 60 Fla. 310, 53 So. 542; and Barnett v. West Construction Co., 1934, 5 Cir., 69 F.2d 266. In the case sub judice, it would shock one's sense of justice to hold that a depositor could not get back his money (in the absence of an agreement to the contrary) unless there was an express contract to return it to him.
In view of the foregoing, we conclude that the instrument in question is a written contract and comes within the purview of the 5-year statute of limitations, § 95.11(3), Florida Statutes, F.S.A.
As this cause is being reversed on appellants' first point on appeal, appellants' other point on appeal is rendered moot.
The appellee's cross assignment of error has been considered and found to be without merit.
*883 This cause is hereby reversed and remanded for further proceedings not inconsistent with the views set forth herein.
LILES, C.J., and PIERCE, J., concur.