CARROLL, Judge.
The appellant, who was the defendant below, appealed from an adverse judgment in the amount of $31,300, entered following a non jury trial in an action by the plaintiff-appellee for unpaid expenses and compensation alleged to be due under an employment contract.
A default was entered against the defendant for failure to file a defensive pleading within the time allowed therefor, and an initial judgment was rendered against the defendant for $49,155. On motion of the defendant, based on circumstances attending the defendant’s failure to respond to the summons, the judgment was vacated and the default set aside. Defendant answered and the case was tried, resulting in the judgment now on appeal. The plaintiff cross-assigned as error the order vacating the default.
The written contract of employment, under which the plaintiff served for twenty one or twenty two months, provided for payment to the plaintiff of a salary of $1,000 per month, use of an automobile, reimbursement for certain expenses, and “10% of the net profit generated in the State of Florida.” The monthly salary was paid.
*797 By his action the plaintiff sought reimbursement for some expenses and recovery of 10% of the net profits of the defendant generated in Florida for the period of his employment. The appellant contends the determination of the amount of such profits, as included in the judgment, was not established by competent substantial evidence.
On the first trial on damages (following entry of default) the plaintiff testified he had in his possession copies of financial statements of the defendant, made at regular intervals during the period of his employment, and, without producing the copies, testified they revealed profits of approximately $85,000 for the first year of his employment and $250,000 for the next year. Those figures represented gross-profit. The net profit was not shown.
At the second trial the plaintiff testified there was due him for automobile expenses the sum of $1,600 and for other out-of-pocket expenses $2,200. There was evidence from the defendant that the plaintiff had been reimbursed for $2,355 of such expenses.
On the second trial the plaintiff testified to the same gross profit figures, based on his recollection thereof from the said copies of the financial statements, which he stated had become lost in the interval. It was shown that the figures thus testified to by the plaintiff represented profits without consideration of the business expenses.
In opposition thereto, based on its corporate books and records which were produced, the defendant presented testimony that for the period from October 31, 1968, to September 30, 1969 (which was the first year of the plaintiffs employment), the company had sustained a loss of $5,251.94, and for the succeeding nine months the company had shown a net profit of $32,933.06. The defendant testified that based on the records there was due to the plaintiff $4,113.
In the final judgment, the court found that the amount represented by the defendant as being due the plaintiff was incorrect “in that the figures submitted by defendant include expenditures in addition to those specifically incurred in the State of Florida,” and, as stated hereinabove, the court held that the amount due the plaintiff was $31,300.
The expenses for which the plaintiff sought reimbursement were $3,800. The $2,355 claimed by defendant to have been paid thereon, if allowed, would reduce the amount of reimbursement of expenses to $1,445. The record does not appear to contain an explanation or showing of how the balance of the judgment, representing 10% of the net profits, was arrived at by the court.
The amount of the net profits of the business in Florida for the period in question, of which the plaintiff was entitled to 10%, should be determinable from the records of the defendant corporation, or otherwise be established by some competent substantial evidence. The 10% of net profits for the period involved could not be ascertained with any degree of certainty entitling entry of judgment therefor against the defendant on the basis of gross profit figures given by the plaintiff, predicated on his recollection of lost copies of the defendant’s records, where such gross profit figures were in substantial variance with the produced records of the defendant, and where evidence of net profits were not produced by plaintiff.
We are impelled to conclude, as contended by appellant, that the evidence was insufficient to support the judgment. The interests of justice would best be served by remanding the cause for new trial as to damages.
We hold to be without merit the cross-assignment of the appellee contending the trial court erred in vacating the initial default judgment. In so ruling the court did not abuse discretion. See North Shore *798 Hospital, Inc. v. Barber, Fla. 1962, 143 So. 2d 849; Farish v. Lum’s, Inc., Fla.1972, 267 So.2d 325, 327; Gacl, Inc. v. Zeger, Fla.App.1973, 276 So.2d 552.
The judgment is reversed, and the cause is remanded for new trial on damages.