317 So.2d 118 (1975)
BAKER AND COMPANY, FLORIDA, a Florida Corporation, Appellant,
v.
David GODING, Appellee.
No. 74-1273.
District Court of Appeal of Florida, Third District.
July 15, 1975.
Rehearing Denied September 8, 1975.
*119 Tew, Tew, Rozen & Murray, Miami, for appellant.
Sam Spector, Tallahassee, Nachwalter, Christie & Falk, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
Baker and Company, Florida, defendant in the trial court, appeals from a final judgment entered after a non-jury trial, awarding David Goding, the plaintiff, damages for his expenses and commission earned pursuant to an employment agreement.
This appeal, as well as the prior appeal in this cause, see Baker and Company, Florida v. Goding, Fla.App. 1973, 277 So.2d 796, challenges the damages awarded in the final judgment. The record discloses that Baker and Company is in the insurance premium finance business, and that the subject employment agreement, evidenced in writing by a letter from Jim Baker to Goding, provides that Goding, as Baker and Company's agent, was to receive as part of the compensation for business which he generated, "10% of the net profits generated in the State of Florida."
Baker and Company contends that "10% of the net profits" is an unambiguous phrase and that the trial court erred in admitting parole evidence to construe it. It further contends that assuming arguendo the term is ambiguous, the trial court manifestly erred in its construction of it. We do not agree with either contention.
The home office of Baker and Company, which included all executive and sales personnel except Goding is located outside of the State of Florida. It is obvious from the evidence adduced at the trial that the phrase "10% of net profits generated in the State of Florida," is ambiguous in the context of the subject matter and circumstances herein.
In giving the words and phrases in a contract the natural meaning or that most commonly understood when considered in reference to the subject matter and circumstances, the court must look to the subject matter to which the words relate and the purpose of their use; the intent of the language may vary with the circumstances and such words will not essentially convey the same connotations under all circumstances. Rupp Hotel Operating Co. v. Donn, 1947, 158 Fla. 541, 29 So.2d 441, 445. Accord: Underwood v. Underwood, Fla. 1953, 64 So.2d 281. When the language of a contract is ambiguous or its meaning is doubtful so that it is susceptible of two constructions, the courts will approve that construction which comports with logic and reason. Triple E Development Co. v. Floridagold Citrus Corp., Fla. 1951, 51 So.2d 435, 439.
Although there was a considerable conflict of evidence as to the method of arriving at "10% of the net profit generated in the State of Florida," we find that there was substantial competent evidence to support the findings of fact of the trial court and the damages awarded.
Accordingly, the final judgment herein appealed is affirmed.