DAUKSCH, Judge,
dissenting:
I respectfully dissent.
This is an interlocutory appeal, in equity, of an Order in a condominium case. The particular matter raised on appeal is the ordered release of funds held in the court registry.
Appellant is an association of condominium unit owners and Appellee Southeastern is the developer and owner of the recreational facilities located at the condominium development known as the Renaissance of Pompano Beach. The unit owners each entered into a lease with the Appellee for the use of the recreation facilities for a period of 99 years. Among the covenants of the lease the lessor agreed that the premises were free of encumbrances but reserved the right to mortgage the premises in the future.
The unit owners have sued the developer alleging a breach of various agreements concerning the recreational facilities, and unjust enrichment. They contend the developer did not deliver all he promised to deliver.
Upon the owners’ application the court ordered the lease payments be made into the court registry. On the developer’s application the court ordered the registry funds be paid to the mortgagee/Appellee-Florida Coast Bank of Oceanside.
For our determination is the propriety of that last mentioned Order. It was entered under the authority of Section 711.63(4), Florida Statutes (1975), which permits the court to direct “disbursement of all or part of the funds ... for the payment of mortgage payments. . . .”
Before us to consider are:
1) The various agreements between the parties and the assertions of the developer-lessor concerning the recreational unit including:
a) The recreational unit was for the use of the lessees upon their payment of the lease and maintenance payments.
b) The assurances of the developer that the recreational unit would consist of certain facilities and amenities.
2) The allegation of the lessees that the lessor has not complied with its agreements.
3) The agreement of the lessor-developer that the recreational unit was unencumbered.
4) The mortgage in favor of Appellee-Florida Coast Bank of Oceanside.
5) Section 711.63(4), Florida Statutes (1975), the legislative intent behind it and the fact we are dealing on the equity side.
The easiest thing to do is to decide the Statute means exactly what it says and sustain the trial court’s Order releasing payments to the mortgagee. But I cannot do so in face of this record. The recreational unit lease is one of the most comprehensive “lessor leases” which one could ever imagine. It ties down the rights and obligations of the parties for 99 years in such a way that I cannot help but construe it very strictly against the drafter, lessor. Baker and Company, Florida v. Goding, 317 So.2d 118 (Fla.3d DCA 1975); Bouden v. Walker, 266 So.2d 353 (Fla.2d DCA 1972). When lessor covenanted the recreational unit was free from all encumbrances, save inferior mortgages, I assume it should be bound to that statement and therefore the rights of the mortgagee probably should remain subordinate to the rights of the lessee. I has *107 ten to assure that the mortgagee would be in no different position vis-a-vis the lessor and the security than before. The mortgagee would still be able to look to the lessor for payment and the property for security and ultimately to the lessees for the lease and maintenance payments, if necessary. It appears the leases were recorded before the mortgage and the leases have been assigned by lessor to mortgagee.
When the developer-lessor agreed the property was unencumbered, but reserved his right to encumber, it in effect agreed to apply the lease payments first to the provision of the recreational unit and then to his profit. It is alleged the developer did not provide the recreational unit as promised and the Statute permits the lessee to make the lease payments into the court registry until the dispute is settled. I am convinced the legislature did not intend to permit the condominium developer to mortgage away the rights of the lessees.
It is alleged the lessor has failed to use the funds received from the lessees for the construction and maintenance of the recreational unit. The court should not sanction the device created by the lessor, if in fact a devise was created, to divert the funds from the construction and maintenance of the recreational unit to pay a mortgage which may not have been obtained for the benefit of the recreational unit even though it encumbers it.
There are questions which must be answered in the trial court, in this case, before it can be said the lessor has the right to have the lease payments diverted to the mortgagee. Therefore I would remand this case for a hearing below to determine:
1) Were all of the mortgage funds used for the construction and maintenance of the recreational unit?
2) For what purpose have the past lease payments been used?
If the trial court should determine the mortgage and lease funds were used for purposes other than the construction and maintenance of the recreational unit then that fact should be a most persuasive consideration for denying the use of the registry funds for the mortgage payments when all factors are weighed together.
Therefore I would have the trial court reweigh the matter with a stricter look at the developer and mortgagee.