PER CURIAM.
The School Board of Broward County seeks review of a final judgment determining that the school board is not afforded coverage under an insurance policy procured by the City of Sunrise. While we agree with the trial court’s determination that the lease agreement between the parties did not require the city to obtain insurance which would cover the school board for its own and consequently its agent’s negligence, that fact does not alter the effect of the clear and unambiguous language of the insurance policy. See State Farm Fire & Casualty Ins. Co. v. Oliveras, 441 So.2d 175 (Fla. 4th DCA 1983), rev. denied, 451 So.2d 849 (Fla.1984); Biltmore Systems Inc. v. Mai Kai, Inc., 413 So.2d 458 (Fla. 4th DCA 1982). As appellant notes, “[t]he words found in a contract are to have a meaning attributed to them, and are the best possible evidence of the intent and meaning of the contracting parties.” Jacobs v. Petrino, 351 So.2d 1036, 1039 (Fla. 4th DCA 1976), cert. denied, 349 So.2d 1231 (Fla.1977), quoting from Wilcox v. Atkins, 213 So.2d 879, 882 (Fla. 2d DCA 1968).
We reverse, holding that the insurance policy in issue to which appellant school board was added as a named insured does cover the school board for the incident concerning which this litigation arose.
REVERSED and REMANDED.
HERSEY, C.J., and DELL and WALDEN, JJ., concur.