STEVENSON, J.
Appellant, Marcus Corwin, contends that the trial court erred in relieving ap-pellees, Cristal Mizner’s Preserve Limited Partnership, Hearthstone, Inc., Sterling Communities, Inc., and Paul Asfahl, from certain obligations under a mediated settlement agreement. We agree with appellant. Because the rights and responsibilities of both sides to the agreement were clearly and unambiguously expressed therein, we reverse and remand so that the agreement may be enforced “as written.”
The settlement agreement between the parties pertained to litigation stemming from Corwin’s purchase of a home and real property in September of 1999. Corwin’s claims were related to the construction, marketing, promotion, advertising and sale of the home. The agreement provided that Corwin sign a general release freeing ap-pellees and a long list of non-party subcontractors from “obligations of whatsoever kind and nature in law or in equity with regard to all matters” described in the agreement. Appellees agreed to pay Cor-win $47,500.00, to perform work on Cor-win’s house under the supervision of a third party, and to pay for any additional work required if the third party was not satisfied with their work. Pursuant to the agreement, the trial court entered an Agreed Order of Dismissal of Lawsuit with Prejudice on February 13, 2001.
Subsequently, appellees learned that, on the day after their agreement was signed, Corwin executed another separate release in favor of CGCG, a non-party subcontractor that had installed marble floors in the home, in consideration for his receipt of $2,500.00 from CGCG’s insurance carrier. Appellees thereafter filed a Motion to Interpret and Enforce Settlement Agreement; For Imposition of Sanctions and For an Award of Attorney’s Fees and Costs, contending that Corwin had committed a fraud upon them by signing a separate release with CGCG. The trial court found that Corwin had already agreed to give CGCG a release prior to signing the agreement with appellees. The trial court, thus, concluded:
Plaintiff [Corwin] did not have the legal capacity to give Defendants a general release in favor of CGCG (which Plaintiff agreed to provide at the mediation and in the Settlement Agreement) inasmuch as Plaintiff had previously agreed to provide such a general release directly to CGCG.
Based on that finding, the trial court ruled that Corwin’s “failure to disclose to Defendants at the mediation and in the Settlement Agreement that he had previously agreed to give a general release to CGCG releases Defendants ... from their agreement to perform the marble work in [Cor-win’s] home.”
Because the construction of a contract is a matter of law, this court may properly reassess the meaning of the set *536 tlement agreement. See Am. Real Estate Holdings Ltd. P’ship v. Twin Cities Investors, Inc., 740 So.2d 562, 565 (Fla. 4th DCA 1999); Broward County v. LaPointe, 685 So.2d 889, 892 (Fla. 4th DCA 1996). First, we find that, since the parties were bargaining at arms-length and there was no evidence of any agreement to make full disclosures, there was no duty on Corwin’s part to disclose the fact that he had previously negotiated a release of CGCG. See Casey v. Cohan, 740 So.2d 59, 62 (Fla. 4th DCA 1999). Second, it is axiomatic that the courts may not rewrite or add to the terms of a written agreement. See Jacobs v. Petrino, 351 So.2d 1036, 1039 (Fla. 4th DCA 1976), cert. denied, 349 So.2d 1231 (Fla.1977). Since the agreement is valid and was not procured by fraud, it must be interpreted as the parties wrote it. Nowhere in the agreement was there any provision that Corwin could not sign a separate release with one of the non-party subcontractors. Here, the subsequent exchange of another release to CGCG was not contrary to any of Corwin’s express promises or obligations under the agreement and, in fact, had no legal effect on the prior release.[1]
Consequently, we reverse the trial court’s order which excused appellees from performing the marble work at Corwin’s home and find that appellees are required to do the marble work as provided in the settlement agreement. Since we are reversing this matter, we find it unnecessary to discuss the remaining issues raised by appellant.
REVERSED and REMANDED.
GROSS and HAZOURI, JJ., concur.

. Notably, all of the parties to the agreement agreed that the initial release would be kept a secret — even from the released non-party, CGCG.