SUAREZ, J.
Hamptons West Condominium Association, Inc. (“Hamptons West”) appeals a Summary Final Judgment in favor of Hamptons South Condominium Association, Inc. (“Hamptons South”). We reverse the Final Summary Judgment.
Hamptons West, a 342-unit condominium built in 1984, brought a declaratory action for reimbursement of operating and recreation expenses from Hamptons South, a 250-unit condominium built in 2004, pursuant to an Accessways, Guard *510 house and Security Gate Easement, Use and Maintenance Agreement (“Accessways Agreement”) and a Recreational Land Use Agreement between the two parties. Under the Accessways Agreement, Hamptons West had the responsibility to operate and maintain the guardhouse and provide access to all of the recreational facilities for Hamptons South residents. Hamptons South, which was developed after Hamp-tons West, had an obligation to pay a percentage of the costs once it received a certifícate of occupancy. The pertinent provisions of the agreements provide:
In the event DEVELOPER (or its successor in interest) develops a separate and distinct condominium with its own separate and distinct condominium association upon the future development land, or develops any other improvement thereon, for which a certificate of occupancy by proper governmental authority is issued, then this agreement shall be modified to provide that the obligation for payment of the cost and expenses of upkeep, maintenance and repair of the access road will be shared 50% by ASSOCIATION and 50% by the condominium association or other entity administering the operation of said separate condominium or other improvement.
* *
In the event DEVELOPER (or its successor in interest) develops a separate and distinct condominium with its own separate and distinct condominium association upon the future development land, or develops any other improvement thereon, for which a certificate of occupancy by proper governmental authority is issued, then this agreement shall be modified to provide that the obligation for payment of the recreational expenses will be shared 50% by ASSOCIATION and 50% by the condominium association or other entity administering the operation of said separate condominium or other improvement.
Both parties agree that Hamptons South was obligated under the agreements to provide 50% of the “upkeep, maintenance and repair of the access road” and of the “recreational expenses” for the development by Hamptons South from the point in time that
a certificate of occupancy by proper governmental authority is issued.
The main issue on appeal is whether the term, “a certificate of occupancy,” encompasses both a temporary certificate of occupancy as well as a certificate of occupancy or means only a certificate of occupancy.
Neither the Hamptons’ condominium documents nor the South Florida Building Code differentiates between a certificate of occupancy and a certificate of occupancy that is temporary in nature.[1] The facts under consideration show that temporary certificates of occupancy were issued by the City of Aventura, Florida, to the majority of unit owners of Hamptons South prior to the issuance of the certificate of occupancy on January 29, 2005. It is Hamptons West’s position that the obligation of the Hamptons South residents to contribute to the operational and recreational expenses of these condominiums under the relevant documents existed as of the date of the issuance of the temporary *511 certificates of occupancy. It further contends that, because the majority of the unit owners at Hamptons South were enjoying the benefits provided under the Ac-cessways Agreement and the Recreational Land Use Agreement as of the dates of the issuance of the temporary certificates of occupancy, Hamptons West was entitled to be reimbursed from that time forward. Hamptons South’s position is that the Ac-cessways Agreement and Recreational Land Use Agreement require it to start paying expenses only upon the issuance of “a certificate of occupancy,” and not upon the issuance of temporary certificates of occupancy. Therefore, it contends that no payment is required for the time period that only temporary certificates of occupancy existed.
Unit owners of Hamptons West and Hamptons South are governed by the Ac-cessways and Recreational Land Use agreements. § 718.303, Fla. Stat. (2004). It is fundamental that the words in the agreements have a meaning attributed to them and are the best evidence of the intent and meaning of the contracting parties. Wilcox v. Atkins, 213 So.2d 879 (Fla. 2d DCA 1968). The meaning attributed to the words of the agreements is derived from the legal definition. See 11 Fla. Jur.2d Contracts § 155 (2003).
We conclude that, in the context of these agreements, which determine the point in time that 50% of the operating expenses for access roads and recreational facilities is payable by Hamptons South, the term “a” certificate of occupancy means “any” certificate of occupancy. Izadi v. Machado (Gus) Ford, Inc., 550 So.2d 1135, 1138 n. 4 (Fla. 3d DCA 1989); see State v. Hershkowitz, 714 So.2d 545 (Fla. 3d DCA 1998). “Any” certificate of occupancy includes a temporary certificate as well as a certificate of occupancy. Therefore, Hamptons South is required to reimburse Hamptons West for the operational and recreational expenses accrued from the time the temporary certificates of occupancy were each issued.
Because over one half of the unit owners of Hamptons South, who were living in the building with temporary certificates of occupancy issued to them when their units were completed, were using all of the common facilities of Hamptons West — such as the swimming pool, restaurant, bar, movie theatre, tennis courts and had ingress and egress to roads — -the obligation for the expenses associated with these benefits should be shared equally between the two condominiums as the language of the condominium documents clearly intends. The precise terms of the agreements themselves dictate this result which is in accord with the principle that courts will endeavor to give a just and fair construction to a contract whenever possible. Wilcox, 213 So.2d at 882; Fla. State Tpk. Auth. v. Indus. Constr. Co., 133 So.2d 115 (Fla. 2d DCA 1961). Therefore we reverse the summary judgment entered below in favor of Hamptons South and remand for further proceedings consistent herewith.
Reversed.

. Section 307.5 of the South Florida Building ■ Code in relevant part provides for a temporary certificate of occupancy:
(a) A Temporary and/or Partial Certificate of Occupancy may be issued by the Building Official for the temporary use of a portion of a building, providing the portion of the Building to be occupied is clearly designated and all Code provisions ... relating to public safety have been met and approved by the Building Official.