[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10943
Non-Argument Calendar

_____

D.C. Docket No. 6:07-cv-01503-PCF-KRS

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 2, 2010
JOHN LEY
CLERK

6:07-CV-1503-PCF-KRS

NORTH AMERICAN CLEARING, INC.,

Plaintiff,

versus

BROKERAGE COMPUTER SYSTEMS, INC.,

Defendant.

6:08-CV-1567-PCF-KRS

BROKERAGE COMPUTER SYSTEMS, INC.

Plaintiff - Appellee,

versus

RICHARD L. GOBLE,
an individual,

                                          Defendant - Appellant,

BRUCE B. BLATMAN, et al.,

                                          Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 2, 2010)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Richard Goble—a prevailing defendant on claims for breach of contract and violations of the Lanham Act, 15 U.S.C. § 1125(a), and the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), Fla. Stat. § 501.204(1)—appeals from an order denying his motion for attorney's fees.  Although we approve the district court's denial of Goble's motion as it pertained to fees under the Lanham Act and the FDUTPA, we reverse the court's order with respect to Goble's motion for fees on the contract claim.

I

Goble was the sole shareholder of North American Clearing (NAC), a stock-brokerage firm that entered into a software-licensing agreement with Brokerage Computer Systems (BCS). The companies' business relationship soured, and NAC sued BCS, which in turn filed counterclaims under the Lanham Act, under the FDUTPA, and for breach of contract. When NAC was forced into receivership, BCS filed a new lawsuit asserting the same claims directly against Goble.

After the district court granted Goble's motion for final summary judgment, he moved the court for attorney's fees pursuant to provisions in the Lanham Act, 15 U.S.C. § 1117(a); the FDUTPA, Fla. Stat. § 501.211(2); and BCS's contract with NAC. Over Goble's objection, the district court adopted a magistrate judge's recommendation to deny the motion. This is Goble's appeal.

II

A. *Fees Under the Lanham Act*

Parties who prevail on claims under the Lanham Act may recover their reasonable attorney's fees "in exceptional cases." 15 U.S.C. § 1117(a). Defendants can qualify as prevailing parties, but even when a case is exceptional, we will only review the district court's decision on a motion for attorney's fees for

an abuse of discretion. *Lipscher v. LRP Publ'ns., Inc.*, 266 F.3d 1305, 1319–20 (11th Cir. 2001).

We conclude that the district court did not abuse its discretion by denying Goble's motion for fees under the Lanham Act. For the purposes of that statute, "an exceptional case is one that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists." *Tire Kingdom, Inc. v. Morgan Tire & Auto, Inc.*, 253 F.3d 1332, 1335 (11th Cir. 2001) (quotation marks and citations omitted). Aside from the evident weakness of BCS's claim and the company's decision to sue Goble only after NAC had entered receivership, nothing supports the contention that BCS acted maliciously or in bad faith by suing Goble under the Lanham Act. The district court thus acted within its discretion when it denied Goble's request for attorney's fees under that statute.

B. *Fees Under the FDUTPA*

Like prevailing parties under the Lanham Act, the prevailing party in an action under the FDUTPA may, according to the court's discretion, recover his reasonable attorney's fees. Fla. Stat. § 501.2105; *Humane Soc'y of Broward Cnty., Inc. v. Fla. Humane Soc'y*, 951 So. 2d 966, 971 (Fla. Dist. Ct. App. 2007). A magistrate judge concluded that Goble had failed to establish his entitlement to attorney's fees under the FDUTPA because he had made no reference to the

factors Florida courts consider when determining the appropriateness of discretionary fee awards. *See Humane Soc'y of Broward Cnty.*, 951 So. 2d at 971. The district court refused to consider Goble's objection to the magistrate's recommendation on the ground that his objection was not specific. *Cf. Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court.").

Although we believe Goble's objection was adequately specific, his argument before the district court was deficient in the same respect as his argument before the magistrate: he failed to discuss the factors relevant to the appropriateness of a fee award under the FDUTPA. We limit the scope of our review in civil appeals to arguments actually raised in the district court, and Goble's omission before that court of any argument concerning the factors that might justify an FDUTPA fee award constituted a waiver for the purposes of this appeal. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004). We therefore will not disturb the district court's ruling on Goble's request for attorney's fees under the FDUTPA.

C. *Fees Under the Contract*

BCS's breach-of-contract claim against Goble depended on the theory that Goble had used NAC as his "alter ego." In other words, according to the complaint, "Goble was the company and the company was Goble." The licensing agreement on which BCS sued contained a provision concerning attorney's fees: "If any legal action or arbitration is necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which that party may be entitled." Yet the district court adopted the magistrate judge's recommendation to deny Goble's request for fees under that provision on the ground that Goble was not a party to the contract. In other words, the court concluded that the term "prevailing party" meant "prevailing party [to the contract]."

We disagree with the district court's analysis. "Courts should attempt to give words and phrases used in contracts the natural meaning or that meaning most commonly understood when considered in reference to [the] subject matter and circumstances." *Rupp Hotel Operating Co. v. Donn*, 29 So. 2d 441, 445 (Fla. 1947).[1] The term "prevailing party" in the context of a provision describing "legal action or arbitration" is most naturally understood as a reference to the prevailing

_____

[1] The contract here provides that it is to be construed in accordance with Florida law.

party in a legal action. *Cf.* FDUTPA, Fla. Stat. § 501.2105(1) ("In any civil litigation resulting from an act or practice involving a violation of this part . . ., the prevailing party . . . may receive his or her reasonable attorney's fees and costs from the nonprevailing party.").

The district court's reading of the term, by contrast, would require the word "party" to bear two meanings at once: "party to the litigation" and "party to the contract." The magistrate judge concluded that such a reading was appropriate because the contract concerned the obligations of BCS and NAC to each other, without any reference to Goble's rights or responsibilities as an individual. But in our view, the provision regarding attorney's fees speaks plainly enough: in "any legal action or arbitration . . . necessary to enforce the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees." Although Goble was not technically a party to the *contract*, it was foreseeable that he might, given his role as NAC's owner and signatory to the contract on its behalf, become a party to *litigation* "necessary to enforce the terms of [the] Agreement." In these circumstances, allowing Goble to recover his reasonable attorney's fees is consistent with the apparent intent underlying the fees provision—especially in light of BCS's alter-ego allegation that Goble was a *de facto* party to the contract.

Furthermore, even if the term "prevailing party" were patently ambiguous, ambiguities in a contract "do[] not allow courts to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intentions of the parties." *Excelsior Ins. Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 942 (Fla. 1979). Given BCS's alter-ego allegations, it would be unreasonable for us to assume that the contract allowed BCS to seek attorney's fees from Goble—as it did in its complaint—without affording him the same opportunity if he prevailed on the claims against him. "A reasonable interpretation of a contract is preferred to an unreasonable one," *id.* at 941, and we will not adopt a one-sided interpretation of the fees provision here without any evidence that such an asymmetry was intended.

## III

Although the district court did not abuse its discretion by denying Goble's requests for fees under the Lanham Act and the FDUTPA, Goble was entitled to recover his reasonable attorney's fees on BCS's claim for breach of contract. *See Lashkajani v. Lashkajani*, 911 So. 2d 1154, 1158 (Fla. 2005) ("Provisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced. Trial courts do not have the discretion to decline to enforce such provisions, even if the challenging party brings a meritorious claim in good

8

faith." (citation omitted)). We therefore affirm the parts of the district court's order denying Goble's requests for attorney's fees under the Lanham Act and the FDUTPA, reverse the part of the order denying his request for fees on the breach-of-contract claim, and remand for further proceedings consistent with this opinion.

**AFFIRMED in part, REVERSED in part, and REMANDED.**